## Coleman v. Nelson.

(Decided May 15, 1928.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1. Damages.—In action by husband to recover for expenses of care of wife injured in automobile accident, testimony of husband as to bills which he had paid for services and merchandise furnished wife while she was suffering as result of her injuries, the accounts and bills which were paid being placed in evidence, held competent.

2. Damages.—In action to recover for damages to automobile from collision, evidence should establish reasonable market value of automobile immediately before injury and reasonable market value immediately after the injury, as the difference is the true measure of damages.

3. Damages.—Where evidence establishes that an automobile has been damaged without establishing any facts on which to base the measure of damages, only nominal damages can be recovered.

4. Damages—In action for damages to automobile from collision evidence that automobile could have been repaired for $232.25, and that owner valued it at about $600 before it was damaged, was a sufficient showing of its market value immediately before and immediately after accident.

5. Automobiles.—In action for damages from automobile collision at intersection, evidence held to make question of plaintiff's contributory negligence one for jury.

6. Automobiles.—In action for damages from collision between automobile making left-hand turn at intersection with one coming from the right, instruction taken from Ky. Stats., sec. 2739g37, held not erroneous, on theory that such statute applies only where automobiles approach at right angles to each other.

7. Automobiles.—Automobilist reaching intersection first and signaling his intention to make a turn to the left had the right of way over one approaching from the right, unless latter entered intersection before former had completed the turn.

8. Automobiles.—In action for damages from collision of automobile making left turn at intersection with one approaching from right

and striking it in the rear, failure to give an instruction embodying the sudden appearance doctrine held error, under the evidence; the instruction given not having submitted such doctrine.

9. Trial.—When a trial court covers a situation by an instruction it is not bound to repeat the same instruction in different language as asked for by one or the other of the parties.

WOODWARD, WARFIELD & HOBSON for appellant.

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and JOHN E. TARRANT for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Robert B. Nelson, the appellee, on May 30, 1926, about 1 o'clock in the afternoon, was driving his automobile out Cherokee road, in the city of Louisville, accompanied in the automobile by his wife and Mrs. Gritton, his mother-in-law. Highland avenue runs across Cherokee road almost at right angles. When Nelson reached Highland avenue he undertook to turn to the left on that street and as he did so and while he was in the intersection his automobile was struck by another driven by W. C. Coleman. Coleman was proceeding into the city on Cherokee road. The actual collision took place on the right side of Cherokee road proceeding towards the city and within the intersection of the two streets.

Mrs. Nelson was injured, the automobile of appellee was damaged, and the car of Coleman was also damaged. Nelson sued Coleman for damages to his car, for the expenses incurred in giving proper care and attention to his wife, and for the loss of her consortium. Appellant, by counterclaim, sought to recover for damages to his car. On the trial of the action a jury returned a verdict in favor of appellee for $200 damage to his car, $400 for expenditures for physicians, hospital expenses, and medicine made necessary by the injury to Mrs. Nelson, and for $400 for the loss of her consortium.

The evidence offered by appellee tended to show that in driving out Cherokee road the right side of his machine was about 4 feet from the right side of Cherokee road as he was driving. When he reached the north property line of Highland avenue he was driving 10 or 12 miles an hour. Before turning into Highland avenue to the left he looked southward on Cherokee road and saw the automobile driven by Coleman a distance of about 240 feet away from the intersection of Highland avenue. Coleman's car was traveling at a speed of 25

or 30 miles an hour. Nelson, believing that he had time to turn into Highland avenue before Coleman would reach the intersection, signaled that he was going to make a left turn into Highland avenue. He made a broad gradual turn so that his automobile passed approximately over the center of the intersection of the two streets. After the Nelson car had passed over the center line of Cherokee road and was running parallel with Highland avenue, the Coleman car struck the rear of his car.

The evidence introduced by appellant tended to show that Coleman was going into town on Cherokee road and as he approached the intersection of that street with Highland avenue he was driving 20 miles an hour. Coleman saw the Nelson car with other cars proceeding out Cherokee road on his left. He saw no signal and had no intimation of the intention of Nelson to turn into Highland avenue. When Coleman was within about 20 feet of the intersection of the two streets, Nelson turned suddenly in front of him without warning, making a sharp turn close to the curbing next to Parr's Rest. When Nelson thus suddenly turned his car in front of Coleman, Coleman put on his brakes, but could not stop in time to avoid the collision. His car proceeded about 48 feet from the point where it was when he first saw Nelson before the collision.

Nelson admitted that he saw the Coleman car when it was 240 feet from the intersectoin, but he did not see it again until the collision, as he was watching a car coming into Cherokee road to his left off of Highland avenue.

The first complaint urged by appellant in his brief is that the court permitted Nelson to testify as to the bills which he had paid for his wife. The objection to this evidence is that Nelson did not know anything about the services embraced in the items covered by the bills and for that reason, it is argued, he was not a competent witness to testify as to bills rendered for services and merchandise furnished his wife while she was suffering as the result of her injuries. It is contended that his statements were purely hearsay and that the accounts and bills should have been proven by those rendering the services and supplying the merchandise. Counsel for appellant cite no authority in support of the position which they take. The bills and accounts which were paid by Nelson were placed in evidence. He had in his possession the receipted bills. He testified that the expendi-

tures represented by the bills which were submitted to him for payment were brought about solely because of the injury to his wife. He had actually paid them. It is true as to some of the accounts and bills there was no evidence that the charges were reasonable, but they were submitted in the usual course of business and paid by Nelson. We are not willing to say that admission of this evidence was incompetent.

It is next insisted by appellant that there was no competent evidence as to the market value of the automobile immediately before the accident and the market value thereof immediately after the accident. We cannot agree with appellant in this contention. The rule contended for by appellant is sound, that is, the evidence should establish the reasonable market value of the automobile immediately before the injury and the reasonable market value immediately after the injury, as the difference is the true measure of damages. Kentucky Livery Co. v. Meyers, 196 Ky. 822, 245 S. W. 882. It is also true that when the evidence establishes that an automobile has been damaged without establishing any facts upon which to base the measure of damages only nominal damages can be recovered. Robson v. Zumstein Taxicab Co., 198 Ky. 365, 248 S. W. 872. The evidence in this case established that appellant paid $300 for his automobile and that he had spent about $50 putting it in good shape. He valued the car at about $600. It is true there is little, if any, evidence showing the fair market value of the car after the accident in its then condition. There was evidence, however that the car could have been repaired for $232.25. The witness who testified as to the cost of repairs stated that the sum mentioned would put the automobile in the condition it was before the accident happened. It necessarily follows that, if $232.25 was the amount necessary to ''put the car in just as good condition as it was before,'' it was worth that sum less after the accident than it was before the accident. We cannot sustain the point urged by appellant.

It is insisted by appellant that the court erred in refusing to sustain his motion for a peremptory instruction on the ground that the evidence showed that appellant was guilty of contributory negligence as a matter of law. Appellant testified that he saw appellee approaching the intersection when appellee was 240 feet away. He placed appellant that far from the intersection when he started to make the turn in the intersection of the streets. He

admitted that he did not see the automobile of appellant thereafter. Appellant relies on the case of Louisville Railway Co. v. Basler, 198 Ky. 500, 248 S. W. 1027. There is a similarity between that case and this, but there is a difference, in that the time when the accident occurred was at night, the weather was foggy, and the street car ran on tracks. It was said in that case that the question as to whether one is guilty of contributory negligence as a matter of law in misjudging whether he has sufficient time to cross the track in front of a street car will depend on the particular circumstances in each case. It may be true that appellee was right in his belief that he had time to get out of the intersection before appellant reached it. He had a right to assume that appellant would not drive his car at a greater rate of speed than 20 miles an hour, and if he had driven it at no greater rate of speed appellee might have passed out of the intersection before the Coleman car reached it. But if Coleman drove his car at a greater rate of speed than was allowed by law it was his negligence which brought it to the intersection in time to strike the car of Nelson. It was a question for the jury to determine whether appellee was guilty of contributory negligence and not a question for the court.

It is insisted by appellant that the concluding paragraph of the first instruction was erroneous because it assumed the right of way statute as applicable to a case where the automobiles are proceeding in opposite directions and one turns across the path of the other. The concluding paragraph of the first instruction was taken from section 2739g37, Ky. Stats., defining the duties and rights of automobile drivers in approaching intersections. It is insisted with plausibility that the provision of the statute found in that section relates only to the drivers of automobiles when they are approaching the intersection of streets crossing each other where the drivers are traveling substantially at right angles to each other. A reading of the statute affords a reasonable basis for such a contention. It is argued on the other hand that, where the driver of an automobile makes a turn in an intersection before the driver meeting him gets to the intersection, the statute applies, and that the driver who turns his automobile in the intersection has the right of way, if he makes the turn before the other driver reaches the intersection. This court in the case of White Swan Laundry v. Boyd, 212 Ky. 747, 279

S. W. 245, appears to have decided the point contended for by appellant against him.

A further criticism of the concluding paragraph of instruction 1 is that it made the right of way dependent upon the fact of who reached and entered the intersection first, and gave the right of way to that one. The instruction is not properly subject to that criticism. If Nelson reached the intersection first and signaled his intention to make the turn, he had the right of way, unless Coleman entered the intersection before he had completed the turn.

The last point relied on by appellant for reversal is that the court should have given an instruction embodying the sudden appearance doctrine as defined in the case of Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Knapp v. Gibbs, 211 Ky. 278, 277 S. W. 259; Louisville Railway Co. v. De Marsh, 203 Ky. 231, 262 S. W. 13. Such an instruction was asked for by appellant. Counsel for appellee insist that such an instruction was not justified by the evidence. In that counsel are in error. Coleman testified that Nelson suddenly turned his car in front of him within the intersection and that he did what he could to avoid the collision after the Nelson car was placed in the course of his path. Appellee contends, however, that, if such an instruction was justified, the one offered by appellant was erroneous, in that it required Coleman to exercise ordinary care "with the means at his command." The court should have given the instruction substantially as offered with the language quoted omitted, unless the substance of the instruction was embodied in other instructions given by the court. It is insisted by appellee that the instruction which required him to exercise ordinary care to the extent of seeing, before turning into Highland avenue, that there was sufficient space for a turn to be made in safety and to thereby ascertain whether the movement of another car might be affected by his making the turn, was equivalent to giving a sudden appearance instruction. We cannot agree with that contention. It is the law that when a trial court covers a situation by an instruction it is not bound to repeat the same instruction in different language as asked for by one or the other of the parties. But we do not think the instruction given by the court embraced the sudden appearance doctrine.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.