## Rutherford v. Smith.

## O'Brien v. Same.

## Collins v. Same.

Nov. 29, 1940.

Robert P. Hobson, Special Judge.

William Karraker for appellants.

Edward J. Hogan for appellee.

Opinion of the Court by Judge Fulton—Affirming.

At the time in controversy Allan Collins was a college student, 20 years of age, residing in the home of the appellant Mrs. Ella Rutherford, his grandmother, and received an allowance from her. His mother was living and he also received an allowance from her but

the mother had a separate home. The record is silent as to whether or not his father was living. Mrs. Rutherford was the owner of an automobile which she maintained for the use of herself and family, largely for the use of Collins; it was purchased principally for his use and he operated it with her consent whenever he desired to do so.

On the occasion in controversy he was driving the car from Louisville to Frankfort on Highway 60 with his aunt, Mrs. Patricia O'Brien, a daughter of Mrs. Rutherford, on the front seat beside him. Near the village of Eastwood in Jefferson County a road known as the Gilliand Lane or the Eastwood road intersects Highway No. 60, this road leading off in a southerly direction. The appellee, J. W. Smith, was driving his car on Highway 60 toward Louisville (that is, driving in the opposite direction from that driven by Collins) and made a turn to the left across Highway 60 to enter the Gilliand Lane or Eastwood road. Just as he had almost completed this turn and as the front of his car entered the intersecting road a collision occurred between his car and the car driven by Collins who had veered to his right in his effort to avoid the collision. Both cars were damaged and Mrs. O'Brien and Collins received personal injuries. As a result of the collision three actions were filed against Smith, one by Mrs. Rutherford for damage to the car, the other two by Collins and Mrs. O'Brien for personal injuries. Smith counterclaimed against Collins and Mrs. Rutherford for damage to his car, the counterclaim against Mrs. Rutherford being predicated on the idea that she was liable under the family purpose doctrine. The three actions were tried together and resulted in verdicts and judgments for Smith as to the appellants' claims in all three actions and in verdict and judgment for him on his counterclaim against Collins and Mrs. Rutherford. The three appeals are from those judgments.

It is the first contention of appellants that the verdicts were flagrantly against the evidence. This necessitates a brief recitation of the evidence. The evidence in behalf of appellants was to the effect that Smith made the turn directly across Highway 60 immediately in the path of the car driven by Collins without signaling his intention to do so. Collins, according to appellants' evidence, was driving at a speed of 45 miles per

hour and saw Smith's car on the highway a short distance before it reached the intersecting road; he was unable to stop because Smith turned across the highway directly in his path. Evidence for the appellee was to the effect that Collins was driving at a speed of from 70 to 75 miles per hour and that Smith, while driving about 12 miles per hour, signalled his intention of making the turn by extending his left hand from the side of the car for a distance of approximately 50 feet before actually making the turn. Considerable evidence was introduced on both sides as to the length of the skid marks of the Collins car, some witnesses for appellants placing the length of these marks as low as 20 feet while witnesses for appellee estimated the length of the skid marks as high as 98 feet.

This brief summary of the evidence is, we think, a refutation of appellants' contention that the verdict was flagrantly against the evidence. It was typically a case for the jury to say which of the drivers was or was not guilty of negligence and whether such negligence as the jury believed each to be guilty of was, or was not, the proximate cause of the collision. It is true that Kentucky Statutes Supplement 1939, Section 2739g-69p imposes on a driver about to turn a vehicle from a direct course the duty of signaling his intention continuously during the last 100 feet before turning in the event any other vehicle might be affected by the turn and that appellee testified that he signalled only 50 feet before making the turn. It must therefore be conceded that he was guilty of negligence since an operator of an automobile who violates a statute relating to operation of automobiles is guilty of negligence per se. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. (2d) 564; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. (2d) 763. However, since the jury found for appellee on his counterclaim this was necessarily a finding that such negligence as Smith was guilty of was not the proximate cause of the collision. Proximate cause is that cause which leads to, and which might be expected to have produced, the result, Stevens' Adm'r v. Watt et al., 266 Ky. 608, 99 S. W. (2d) 753, and is to be determined as a fact in view of the circumstances attending it. Beiser v. Cincinnati, N. O. and T. P. Ry. Co., 152 Ky. 522, 153 S. W. 742, 43 L. R. A., N. S., 1050; Martin v. Chesapeake & O. Ry. Co., 273 Ky. 32, 115 S. W. (2d) 306.

A most ingenious argument is made by appellants' counsel, supported by a chart showing distances traveled by both cars in accord with the testimony concerning the speed of the cars and various locations thereof with reference to each other when appellee started his turn across the road, and it is insisted that whatever may have been Collins' speed he would have encountered no trouble had not Smith undertaken to turn across the highway without warning when it was evident that his crossing must be accompanied with the hazard of a collision. This argument would be highly persuasive were we sitting as a jury, or could we usurp the function of that tribunal, but is not of great potency·in producing a conviction that we should determine negligence as a matter of law and then further declare any negligence we might thus find to be or not to be the proximate cause of the collision. In Coleman v. Nelson, 224 Ky. 460, 6 S. W. (2d) 454, 456, practically the same argument was advanced under circumstances very similar to those here presented but was refuted by the court in these words:

> "He (appellee making the turn) had a right to assume that appellant would not drive his car at a greater rate of speed than 20 miles an hour, and if he had driven it at no greater rate of speed appellee might have passed out of the intersection before the Coleman car reached it. But if Coleman drove his car at a greater rate of speed than was allowed by law it was his negligence which brought it to the intersection in time to strike the car of Nelson. It was a question for the jury to determine whether appellee was guilty of contributory negligence and not a question for the court." (Words in parenthesis added.)

Here, according to appellee, when he started to make the turn Collins' car was about 300 yards away. He had a right to assume that Collins was not driving at a speed greater than was reasonable and proper and that he would pass out of the intersection before Collins reached it if his estimate was correct. It is self-evident that one may turn left across a highway when other cars are approaching—were this not true such a turn could rarely be made on a much traveled highway. The statute governing the making of such turns contemplates that this may be done. As it may be done, it is for the

jury to say, in the ordinary case where the evidence is conflicting, as here, who was and who was not negligent and whose negligence was, or was not, the proximate, or contributing, cause of a collision when one occurs. The jury here were justified in finding either that Collins did not have his car under reasonable control, or that he was not keeping a reasonable lookout, or that he was traveling at an excessive rate of speed, and that such violation of duty was the proximate cause of the collision. They were further justified in finding that negligence on appellee's part was not the proximate cause of, or contributing cause to, the collision. It is our conclusion that the verdict was not flagrantly against the evidence.

It is next contended that the trial court committed error in instructing the jury to find against Mrs. O'Brien, a guest in the Collins car, if she was guilty of contributory negligence. The instructions defined the duties of both Collins and Smith and a separate contributory negligence instruction was given against Collins and Mrs. Rutherford, such instruction in so far as it applied to Mrs. Rutherford being based, of course, on the supposition that under the family purpose doctrine she was responsible for the negligence of Collins. No separate instruction of the same type was given against appellee but, under the third instruction, if the jury believed that both Collins and Smith were guilty of negligence that concurred to bring about the collision they were directed to find for Smith on the claims of Collins and Mrs. Rutherford against him and for Collins and Mrs. Rutherford on the counterclaim of Smith against them. This was in effect a contributory negligence instruction against Smith for, under it, if he was guilty of negligence concurring with Collins' negligence to bring about the collision the jury must find against him on his counterclaim. The verdict of the jury, finding for Smith on his counterclaim, was, in view of this instruction, a definite finding that the sole cause of the collision was Collins' negligence and that Smith was not guilty of negligence which was the proximate cause of the collision. This being true, it is apparent that if the trial court was in error in giving the contributory negligence instruction against Mrs. O'Brien (a question not decided) such error was harmless and nonprejudicial. As the jury found that negligence of appellee was not the

cause of the collision it was immaterial whether or not Mrs. O'Brien was guilty of contributory negligence.

It is further contended that error was committed by the trial court in failing to give an instruction as to contributory negligence on the part of appellee and a "sudden appearance" instruction in behalf of the appellants. As indicated above, instruction No. 3 as to joint and concurring negligence was the full equivalent of an instruction with reference to the contributory negligence of appellee. The opinion in Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448, contains a full and complete answer to the contention that a sudden appearance instruction should have been given. Appellants' counsel, however, urges that the conclusions reached in that opinion are not sound in that due consideration is not given to the question of proximate cause. We need not consider whether there may or may not be justice in that criticism in certain types of cases since we are firmly convinced that the instructions on primary and contributory negligence given by the court in the instant case fully and completely cover the law of the case and give due consideration to the question of proximate cause.

The remaining question is whether the judgment against Mrs. Rutherford on appellee's counterclaim is sustainable under the family purpose doctrine. An examination of cases in this court reveals that there is unanimity in holding that a parent who owns, maintains or provides an automobile for the pleasure and convenience of his family is liable for its negligent use by his infant child residing in the home, whom he permits to use the automobile. This is the primary case on which all courts that subscribe to the doctrine agree and it is only when a departure of the facts from the primary case occurs that discord in the decisions creeps in. In McNamara v. Prather, 277 Ky. 754, 127 S. W. (2d) 160, 161, the court entered into a discussion of the doctrine and gave a brief history of its origin and development and it was there said:

"We have never held that the father is liable merely because he is the head of the family, but the one who owns, maintains, or provides the car for family use is liable for its negligent operation."

In Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563, it was held that the doctrine was applicable to a

mother where she, though living with her husband, owned the car and maintained it for the pleasure and convenience of the members of her family.

From these decisions we see that it is not the head of a family as such who is liable under the doctrine—it is the father or mother, or family head who owns, maintains, or provides the car. The reason and purpose of the rule, we think, make it applicable to the situation in the instant case. Collins, the grandson, was under 21, a member of the family of his grandmother who owned and maintained the car for his use and the family use. She had undertaken to stand in loco parentis to him, furnishing him at least the major part of his living expense and in addition thereto gave him an allowance and furnished him a car—while there was no obligation on her to support him she had recognized and undertaken the moral obligation to do so. The doctrine should be as applicable to one standing in loco parentis as to a natural parent. We reach the conclusion that Mrs. Rutherford, under the family purpose doctrine, was liable for her grandson's negligent operation of the car.

Judgment affirmed.