## Hilsenrad v. Bowling.

Dec. 8, 1942.

Woodward, Dawson & Hobson for appellant.

Doolan, Helm, Stites & Wood, George C. Burton and Marvin Werle for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This law suit resulted from an automobile accident which occurred shortly after noon December 1, 1940, on the Bardstown road in Buechel, just outside of Louisville, Kentucky.

The appellant, Phil Hilsenrad, was driving his automobile north toward Louisville, and the appellee, Mrs. Antoinette Bowling, was driving her automobile south. Appellee made a left-hand turn in Buechel, intending to park her car at Fanelli's store on the east side of the road. The two cars met almost head-on east of the center line of the road, and both cars were badly damaged and appellant and appellee were injured. Hilsenrad instituted an action in the Jefferson circuit court against Mrs. Bowling in which he sought to recover for the damage to his car and his personal injuries. Mrs. Bowling answered, traversing the material allegations of the petition, and pleaded contributory negligence. In a counterclaim she sought to recover for the damage to her car and for her personal injuries. On the trial of the case the jury found for the defendant on the plaintiff's peti-

tion, and on the defendant's counterclaim found $750 for her. The plaintiff has appealed, and now seeks reversal of the judgment on the sole ground that the verdict is flagrantly against the weight of the evidence and the instructions.

Appellant was alone in his car, and appellee was accompanied by her daughter, then seven years of age. Appellant and appellee were the only eyewitnesses to the accident who testified. Appellant, whose home was on the Bardstown road, testified that at the time of the accident he was on the way from his home to the home of his fiancee in Louisville for dinner, and as he approached the scene of the accident was traveling about 40 miles an hour, and that there was no other traffic on the road except appellee's car, which was approaching him; that he was traveling on his right-hand side of the road, and when he first saw appellee's car it was some distance away on its right-hand side of the road. The collision took place a few feet north of Fanelli's store. When he was about 120 feet from appellee's car, appellee swerved to the left without giving any signal, and he applied his brakes but was unable to stop before the two cars collided. The two cars collided with great force, and one-third of appellee's car was on appellant's side of the road at the time of the collision. The appellee testified that she was a graduate nurse, and for a number of years has been employed by the Kentucky Crippled Children's Commission at Lexington, Kentucky, and drives an automobile constantly in her work over about thirty counties in central Kentucky. On the morning of December 1, 1940, she had brought a crippled child from Lexington to the Norton Infirmary in Louisville for treatment, and at the time of the accident was on her way from the hospital to the home of her brother who lived about two miles south of Buechel. She decided to stop at Fanelli's store in Buechel to make a purchase. As she approached the Presbyterian church, which was located in Buechel on the right-hand side of the highway several hundred feet north of Fanelli's store, she slowed her car down and continued to slow it down until she started to make the turn to the left at the store. She saw appellant's car approaching from the south, and as she started to turn to the left it was near some whitewashed trees which were about 600 feet away. She glanced into her rear view mirror and saw that no car was approaching from the

rear. She admitted that she did not signal with her hand her intention to turn to the left, and explained that she failed to give any signal because no one was near enough to her to require such a warning. She turned diagonally across the road toward Fanelli's store, and had traveled only a short distance when the collision occurred east of the center line of the road. She stated that she assumed appellant was traveling at a reasonable rate of speed when she saw his car approaching at a distance of about 600 feet, and that she had ample time to cross the road before he arrived at that point. Two members of the county police force, who arrived at the scene of the accident soon after it happened, testified that the skid marks made by appellant's car were 56 feet long. A brother of appellee testified that he measured them and they were about 70 feet long. One of the patrolmen testified that an automobile traveling at a speed of 38 to 40 miles an hour can be stopped in 88 feet after the brakes are applied. The proof showed that several hundred feet south of the point of the accident appellant passed two road signs, one bearing the word ''Slow'' in large black letters on a yellow background and one the words ''Slow, Congested Area'' in black letters on a white background.

Appellant's theory of the case is that appellee's car swerved suddenly across the road immediately in the path of his car too close to him to prevent a collision. Appellee's theory is that she made a gradual turn to the left, beginning at a time when appellant's car was 600 feet away from her, and that the accident was caused by the high rate of speed at which he was traveling and his failure to keep a proper lookout ahead and to have his car under reasonable control. There is evidence to support both theories. The testimony of the two eyewitnesses, appellant and appellee, is in direct conflict. If we were sitting as a jury we might arrive at a verdict different from the verdict returned in the present case, but our duty is not to pass upon the credibility of the witnesses or to determine on which side the preponderance of the evidence lies but is solely to determine whether there is evidence sufficient to sustain the verdict returned by the jury. A case very similar on its facts, and which we think is controlling here, is Rutherford v. Smith, 284 Ky. 592, 145 S. W. (2d) 533, 535. There the defendant turned to the left in front of an approaching

car, and there was a head-on collision to the left of the center line of the road in the direction in which the defendant was traveling. The jury found nothing for the plaintiff and returned a verdict for the defendant on his counterclaim just as in the present case. In holding that the verdict was not flagrantly against the evidence, the court said:

"Here, according to appellee, when he started to make the turn Collins' car was about 300 yards away. He had a right to assume that Collins was not driving at a speed greater than was reasonable and proper and that he would pass out of the intersection before Collins reached it if his estimate was correct. It is self-evident that one may turn left across a highway when other cars are approaching —were this not true such a turn could rarely be made on a much traveled highway. The statute governing the making of such turns contemplates that this may be done. As it may be done, it is for the jury to say, in the ordinary case where the evidence is conflicting, as here, who was and who was not negligent and whose negligence was, or was not, the proximate, or contributing, cause of a collision when one occurs. The jury here were justified in finding either that Collins did not have his car under reasonable control, or that he was not keeping a reasonable lookout, or that he was traveling at an excessive rate of speed, and that such violation of duty was the proximate cause of the collision. They were further justified in finding that negligence on appellee's part was not the proximate cause of, or contributing cause to, the collision."

Appellant seeks to distinguish the present case from the Rutherford case in two respects: (1) In the Rutherford case the defendant turned to the left at an intersection; and (2) he signaled with his hand for 50 feet before making the turn.

We see no distinction between an accident occurring at a road intersection and one occurring at other points along the highway, particularly if it occurs in a settled community where there are stores and other business houses along the road. It can be anticipated that cars will cross the road to the left at points other than road intersections.

The opinion in Rutherford v. Smith disposes of the second distinction which appellant attempts to make. The statute requires that a driver about to turn a vehicle from a direct course must signal his intention continuously during the last 100 feet before turning in the event any other vehicle might be affected by the turn. KRS 189.380. It was said in the opinion in the Rutherford case that the defendant failed to comply with this statute, and that it must therefore be conceded that he was guilty of negligence. The fact that he signaled during the last 50 feet before making the turn did not enter into the court's decision. It was held that the distinguished attorney who presided as special judge in the Rutherford case properly submitted the case to the jury. In the opinion it was said: "Since the jury found for appellee on his counterclaim this was necessarily a finding that such negligence as Smith was guilty of [that is, failure to signal as required by the statute] was not the proximate cause of the collision." Appellee in the present case also failed to comply with the statute requiring the signal, but whether she signaled only 50 feet before making the turn as in the Rutherford case, or only 5 feet, or failed to signal at all, the statute was violated, and it was for the jury to say whether such violation was the proximate cause of the collision. See, also, Coleman v. Nelson, 224 Ky. 460, 6 S. W. (2d) 454.

No complaint is made of the instructions, but it is said that the verdict is contrary to the instructions and particularly to the instruction defining the duties of the appellee, Mrs. Bowling, including the duty of giving plainly visible signals of her intention to turn to the left by extending her hand and arm in a horizontal position from and beyond the side of her automobile, toward which the turn was to be made, continuously for a distance of not less than the last 100 feet traveled before turning. What we have said in regard to the sufficiency of the evidence is applicable to this contention. The jury had the right to find for the appellee although they believed she had been guilty of negligence if they further believed that such negligence was not the proximate cause of the collision, but that the proximate cause was the negligence of appellant.

The judgment is affirmed.