## Raidt v. Blount.

May 4, 1943.

Woodward, Dawson & Hobson and Leibson & Leibson for appellant.

John Richardson, Jr., and Davis, Boehl, Viser & Marcus for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Arthur L. Raidt, was painfully and seriously injured in an automobile accident which occurred on the Taylorsville road in Jefferson county about 8 o'clock on the morning of August 27, 1941. His automobile and an automobile driven by appellee, Rankin C. Blount, collided near the center of the road while traveling in opposite directions. Appellant, assistant treasurer of Ballard & Ballard Company of Louisville, was on his way to work and appellee, who was a Lieutenant in the Medical Corps in the United States Army, was driving to Bowman Field where he was stationed. Appellant was alone, but appellee was accompanied by his wife and two small children. Appellant brought suit to recover for his personal injuries. At the conclusion of the evidence each party moved for a peremptory instruction, and both motions were overruled. The jury returned a verdict in favor of the defendant, and the plaintiff has appealed contending that the court erred (1) in overruling his motion for a peremptory instruction; (2) in ruling on the admission of evidence; and (3) in giving the instructions.

Appellant testified that he was traveling west on the Taylorsville road and, when he was about 300 feet east of a gasoline station which was on his right, he observed the appellee's car approaching from the opposite direction. It was then less than 100 feet west of the gasoline station. Appellee turned his car toward the left as though going to cross the road to the gasoline station, and the left wheels of his car got a foot or two to appellee's left of the center line of the road. Appellee had ample time to cross the road in front of appellant's car, which was traveling at a speed of 35 to 37 miles an hour. Appellant did not reduce his speed until within 40 or 50 feet of appellee's car, when the appellee turned back toward the righthand side. The appellant applied his brakes and swerved his car to the left to avoid a head-on collision, and the front part of his car passed to the left of appellee's car but the front end of appellee's car struck the right side of appellant's car. The appellee

testified that he was traveling east on the Taylorsville road intending to go into the Seneca Park gasoline station, which was located on the north side of the Taylorsville road at its intersection with Drayton road. When he was about 75 feet west of the filling station, and on his own side of the road, he saw the automobile of appellant about 500 feet away coming toward him. He assumed that appellant was driving carefully and at a reasonable rate of speed, and that he had ample time to make the turn into the filling station. He looked to see if any cars were approaching from the rear, and, seeing that the road was clear, he began to work his car toward the center of the road to prepare for the left turn into the filling station. The left wheels of his car were about two feet across the center line and on Raidt's side of the road. Before actually starting the left turn his wife, who was riding in the car with him, screamed: "Watch out." He then saw appellant's car about 40 or 50 feet in front of him coming toward the center of the road in a diagonal direction. Appellee was then traveling at a speed of 7 to 8 miles an hour. He did not change the position of his car, but applied his brakes and came to an immediate stop. The proof showed that the skid marks made by appellant's car extended back from the point of collision, a distance of 50 feet. After the collision appellant's car continued down the road and came to a stop in the middle of the road about 15 feet behind appellee's car. Appellee testified that when he saw the Raidt car the second time "it looked like it was going at a tremendous rate of speed." Mrs. Blount testified that when she saw appellant's car about 50 feet in front of her "it seemed to be going very rapidly." None of the foregoing testimony was objected to. She was then asked if she could estimate its speed, and she answered, over appellant's objection: "It seemed to be going very fast; it seemed like 50 miles an hour." When objection was made to the question, the court said: "I rather doubt the ability of anybody to give an accurate estimate in that short space of time. If she wants to volunteer it then let the jury have it for what the jury think." After the witness answered, the court said: "Let's let the jury have it with the circumstances for them to work out."

Appellant's contention that he was entitled to a directed verdict in his favor cannot be sustained. The testimony of the witnesses coupled with the physical facts

indicate that appellant's car was traveling at a high rate of speed at the time of the accident. He admitted that he saw appellee's car cross the center line of the road, and he assumed that it was turning into the filling station. He did not reduce his speed until within 40 or 50 feet of the point where the accident occurred and then only when he saw appellee's car turn to the right. The facts are very similar to the facts in Hilsenrad v. Bowling, 292 Ky. 368, 166 S. W. (2d) 847, and Rutherford v. Smith, 284 Ky. 592, 145 S. W. (2d) 533. In each case it was held that the court did not err in submitting the case to the jury. What was said in those cases need not be repeated here.

It is insisted that the court erred in permitting the appellee and his wife to testify that when they saw appellant's car within 40 or 50 feet of them it was traveling at "terrific speed." Appellee stated in his testimony that when he saw appellant's car the second time "it looked like it was going at a tremendous rate of speed." At another point he said: "It was still going very fast" when the collision occurred. No objection was interposed to this testimony. Mrs. Blount's testimony that the car was going "very rapidly" was not objected to, but when she was asked to estimate the speed an objection was interposed with the results heretofore related. Even if it be conceded that she was not in a position to estimate the speed of the approaching car correctly, and that her estimate was but a hazardous guess as was held in Risen v. Consolidated Coach Corporation, 274 Ky. 342, 118 S. W. (2d) 712, and Bowling Green-Hopkinsville Bus Company v. Edwards, 248 Ky. 684, 59 S. W. (2d) 584, the admission of the testimony was not prejudicially erroneous when the statements made by the court and the other evidence as to speed are considered. In Bowling Green-Hopkinsville Bus Company v. Edwards, supra, it was held that the plaintiff's testimony as to the speed of the cars, when her opportunity for observation was considered, was without evidential value and, there being no other evidence of unreasonable speed, the case should not have been submitted to the jury on that issue. In the Risen case it was said that the plaintiff's testimony as to the speed of the defendant's car was incompetent to establish the correct speed at which it was traveling, but a reading of the entire opinion shows that what was meant was that his testimony was not sufficient, un-

der the circumstances, to contradict the testimony introduced by the defendant and to take the case to the jury on the issue of speed. Here the undisputed physical facts indicated that appellant's car was traveling at a high rate of speed when the accident occurred. In view of all the circumstances, we are not prepared to say that Mrs. Blount was not in position to judge the speed of the approaching car. In any event, the jury had before it ample evidence from which it could form its own opinion as to the speed of the car and, in view of the court's statement telling the jury, in effect, that it should attach little weight to Mrs. Blount's testimony as to the rate of speed but should form its own opinion from all the evidence, the admission of the testimony could not have been prejudicial.

Appellant took appellee's deposition as if on cross-examination, and on the trial offered to read it. The court refused to permit it to be read and later appellee testified in his own behalf. The deposition of a party to the suit taken as if on cross-examination may be read at the trial by the adverse party though the party is present. Any admissions against interest in the deposition are substantive evidence, and are admissible just as are any other statements of the party. Johnson v. Langley, 247 Ky. 387, 57 S. W. (2d) 21. The deposition has been made a part of the record, and we have compared it with the testimony of appellee on the trial. We find no substantial difference, but such differences as do appear favor appellant. For instance, in the deposition the appellee, when testifying as to the speed of appellant's car, the vital issue in the case, said that it was traveling at a speed of 55 or 60 miles an hour when it was 50 feet from the point of the accident. In his oral testimony he did not give an estimate of the speed. The error in excluding the deposition was not prejudicial.

Appellant complains of the instructions principally because they failed to set out the duties of the defendant in the operation of his car though setting out the duties of the plaintiff. In instruction No. 3 the court assumed that the defendant was negligent, and peremptorily instructed the jury to find for the plaintiff unless they believed from the evidence that he failed to observe one or more of the duties incumbent on him and that had he been observing these duties the accident would not have happened. The instruction given by the court was more

favorable to appellant than the one he insists should have been given.

The judgment is affirmed.