## Linder, v. Davis.

March 11, 1949.

John A. Fulton and Woodward, Dawson, Hobson & Fulton for appellant.

Edward J. Hogan for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

The plaintiff, Mrs. J. C. Linder, sued Lee A. Davis for $300 damages done her car by the alleged negligence of defendant when their two automobiles collided at the intersection of Broadway and Second Streets in Louisville on the night of December 20, 1946. The answer and counter-claim as amended denied defendant was negligent and averred plaintiff's son, who was driving her car, was negligent and defendant asked $124.51 for the damages done his car. A reply traversed the affirmative matter in defendant's pleading.

It was stipulated the damages to plaintiff's car were $230.80. At the conclusion of plaintiff's evidence the court sustained defendant's motion for a directed verdict. Motion for a new trial was filed on January 22, 1948, and while same was pending the defendant on February 13, 1948, tendered a "supplemental amended answer" wherein he averred that the negligence of plaintiff's son was the sole cause of the accident. Over plaintiff's objection the court ordered this amendment to be filed nunc pro tunc as of January 20, 1948.

Plaintiff has moved this court to grant her an appeal and has assigned as errors: First, the trial court's action in directing a verdict for defendant; and second, in permitting the filing of the amended answer almost a month after the trial and while plaintiff's motion for a new trial was pending.

Plaintiff's evidence shows that during a snowstorm about 9 o'clock on the night of December 20, 1946, her son, Philip Linder, was driving her car west on Broadway, which is a six-lane street. As he approached Second Street driving in his south lane at a speed of between 15 and 20 miles per hour, Linder had the green light and started through the intersection. Defendant Davis was driving east on Broadway in his north lane, and desired to make a left turn north into Second Street, which at that point is a one-way street to the north. Likewise, Davis had the green light but he brought his car to a stop with its left front wheel and fender about two feet north of the middle line which separates east and west bound traffic on Broadway.

Due to a heavily falling snow the visibility was bad. The driver of plaintiff's car testified his lights were in good condition; that he was looking ahead; and while he saw the lights and outline of defendant's car standing some fifty feet away, he could not tell that it was over the middle line of the street two or three feet until he got within fifteen feet of the car. He applied his brakes but that did not stop his car in time to prevent the accident and, on account of the traffic in the lane on his right, he could not avoid striking defendant's car by pulling to the right.

It is true Linder said to Davis immediately after the accident, "I am sorry I hit you, I didn't see you."

However, in the circumstances here that is not an admission by Linder that he was negligent in not keeping the proper lookout. We cannot pick out just one fragment of Linder's testimony and say from it that he admitted he was negligent. Taking Linder's testimony as a whole, it plainly shows he did not say he was not keeping a lookout, but that while he saw the lights of the Davis car he did not see that it was over the median line of the street until he got within some fifteen feet of it.

Two police officers, who arrived on the scene of the accident a few minutes after it occurred, testified the Davis car was standing with its front left wheel and fender two or three feet extending over into the lane in which appellant's son was driving.

The trial judge evidently based his peremptory instruction upon the fact that the Davis car was standing still and that young Linder told Davis he did not see his car. But the judge lost sight of the traffic code of the city which provides in effect that the driver of a car about to turn left must yield the right-of-way to any vehicle approaching from the opposite direction. General Ordinances, City of Louisville (1943 Compilation) page 1596. Courts of this Commonwealth take judicial notice of the ordinances of the City of Louisville, KRS 83.080. Davis' violation of this ordinance was negligence per se, but such negligence does not allow plaintiff to recover as a matter of law, unless it was the direct and proximate cause of the accident, any more than Linder's alleged negligence permits Davis to recover on his counter-claim against plaintiff, unless the negligence of Linder was the direct and proximate cause of the accident.

Therefore in the circumstances in this case, the court should have submitted to the jury under appropriate instructions for a determination of whose negligence was, or was not, the proximate, or contributing, cause of the collision. Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d 763; Rutherford v. Smith, 284 Ky. 592, 145 S.W.2d 533; Murphy v. Homans, 286 Ky. 191, 150 S.W.2d 14.

In support of his argument that the trial court properly directed a verdict in his favor, Davis relies upon such cases as Suter's Adm'r v. Ky. Power & Light Co.,

256 Ky. 356, 76 S. W. 2d 29, 32; Lexington-Hazard Express Co. v. Umberger, 243 Ky. 419, 48 S. W. 2d 1066; Monroe v. Townsend, 308 Ky. 123, 213 S. W. 2d 803. Without going into a discussion of these authorities, it will suffice to say that an examination of them reveals that the facts under consideration in those opinions clearly distinguish those cases from the instant one.

We doubt if the error the court committed in permitting the amended answer to be filed many days after the trial, and while the motion for a new trial was pending, was prejudicial. However, his action in so doing was erroneous. While a trial court has a broad discretion in permitting an amended pleading to be filed in the furtherance of justice, it is clear that discretion is abused when it is stretched to the extent of allowing an amendment to be filed after a verdict has been returned and while a motion for a new trial is pending. Moore v. Damron, 157 Ky. 799, 164 S.W. 103; Christen v. Christen, 184 Ky. 822, 213 S.W. 189.

For the reasons given, the motion for an appeal is sustained, the appeal granted and the judgment reversed for proceedings consistent with this opinion.