**LOUISVILLE TRANSIT COMPANY,**
Appellant,

v.

**James W. GIPE, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

John E. Tarrant, James W. Hendricks, Bullitt, Dawson & Tarrant, Louisville, for appellant.

Henry Sadlo, Louisville, for appellee.

SIMS, Justice.

Appellee, James W. Gipe, brought this action against appellant, Louisville Transit Company, hereinafter referred to as the Company, averring he had suffered $5,600 damages in personal injuries and damage to his car by reason of the alleged negligence of appellant's driver at an intersection collision in Louisville. The answer denied negligence and pleaded contributory negligence on the part of appellee. The trial resulted in a verdict and judgment for appellee in the sum of $1,000, and this motion for an appeal followed.

Two grounds are relied upon for reversal: 1. a verdict should have been directed in favor of appellant; 2. the damages are excessive. As we think the first ground is meritorious, we do not reach the second one.

The accident occurred around 3 p. m., on August 27, 1951, at the intersection of Eighth and Broadway. Gipe was operating his automobile westwardly on Broadway. The traffic light was green for Broadway traffic. As Gipe reached the intersection at Eighth Street, he commenced to make a left turn. As he started to turn, Gipe saw a bus of the Company approaching from the west in the southernmost Broadway traffic lane. Gipe estimated the bus' speed at 20 or 25 miles an hour. Jack Lloyd, driver of the bus, estimated his speed at 12 or 15 miles an hour. Gipe continued making his turn and after crossing three lanes of traffic struck the bus.

The only negligence with which the bus driver is charged is that he was not keeping a proper lookout; had he been, he would have seen appellee's car turning left in the intersection in time to have averted the collision. The bus driver testified he was looking straight ahead, watching the lights, that there were lots of cars "out there" and he did not see appellee until "he started making that switch". Assuming, but not deciding, the bus driver was negligent in not keeping a lookout, the question is, was appellee guilty of contributory negligence as a matter of law in turning to the left in front of it when the bus had the right of way.

Appellee testified when he first saw the bus it was 80 feet west of the intersection. He thought it was going to stop at the intersection and he held out his left arm and turned into the intersection and hit the bus

on its left front corner "right in front of the driver's window" when the bus was practically in the center of the Eighth Street intersection.

Policeman Clarence Prince testified he investigated the accident and appellee told him at the scene thereof he thought the bus was going to stop, and he made a left turn into the intersection and the bus struck him.

It is provided in KRS 189.380(1) "No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety * * *". The City of Louisville has an ordinance practically to the same effect, that vehicles intending to make left turns must grant the right of way to on-coming traffic at intersections. General Ordinances, City of Louisville, Rev.Comp., § 18–2g.

True, in Linder v. Davis, 309 Ky. 668, 218 S.W.2d 673, we wrote the court should have submitted to the jury whose negligence was the proximate or contributing cause of an intersection collision when Davis was making a left turn. But there Davis had brought his car to a stop in the intersection with its left front wheel and fender north of the middle line which separates east and west bound traffic on Broadway. It was night, snow was falling heavily and the visibility was bad. These facts distinguish the Linder case from the one at bar. When this accident happened it was broad daylight and the bus had not stopped before entering the intersection or while in it.

Likewise, the instant case may be distinguished from Bridge Transit Co. v. Leseuer, 304 Ky. 403, 200 S.W.2d 942. There, Leseuer testified he stopped his car in the intersection to let two girls cross the street, and we said the question of whose negligence caused the collision should have been submitted to the jury.

However, the instant case cannot be distinguished from Louisville R. Co. v. Basler, 198 Ky. 500, 248 S.W. 1027. Basler saw a street car approaching on a foggy night, he misjudged its speed and attempted to drive his automobile across the tracks in front of it, was struck and we held he was guilty of contributory negligence as a matter of law.

Here, Gipe saw the bus coming 80 feet distant, thought it was going to stop at the corner before entering the intersection and he attempted to cross the intersection in front of it and the collision occurred. In the Railway case Basler misjudged the speed of the approaching street car, while here Gipe misjudged that the bus would stop at the corner. Perhaps, had Gipe known that the bus carried no passengers, he would not have made this miscalculation. The bus had the green light, while appellee was turning to the left in its path and he could only make this left turn if it was reasonably safe for him to do so.

In other cases of collisions between on-coming cars and those making left turns, we have held the driver of the vehicle making the left turn was not negligent as a matter of law and the question whether his negligence contributed to the accident should have been submitted to the jury. Rutherford v. Smith, 284 Ky. 592, 145 S.W. 2d 533; Hilsenrad v. Bowling, 292 Ky. 368, 166 S.W.2d 847; Zogg v. O'Bryan, 314 Ky. 821, 237 S.W.2d 511. But in each of those cases the on-coming car was traveling at a high rate of speed, while in the instant case the bus was not exceeding the speed limit and was traveling from 12 to 15 miles an hour, or as Gipe estimated at 20 to 25 miles an hour.

■ Ordinarily the question of contributory negligence is one for the jury. Padgett v. Brangan, 228 Ky. 440, 15 S.W. 2d 277. However, where fair-minded men could arrive at but one conclusion from the evidence, the question becomes one of law for the court. Acres v. Hall's Adm'r, Ky., 253 S.W.2d 373. It is not necessary that plaintiff's negligence be the sole cause of the accident to prevent his recovery for his injuries; it is sufficient if his negligence so contributed to the accident that his injuries would not have occurred but

for such negligence. Saddler v. Parham, Ky., 249 S.W.2d 945. We are clearly of the opinion fair-minded men could not arrive at any other conclusion from the evidence in this case but that Gipe's negligence in turning to the left in front of the bus when it had the right of way and was traveling at a slow rate of speed so contributed to the accident that it would not have occurred without his negligence.

All other questions are expressly reserved. The motion for appeal is sustained and the judgment is reversed with directions that should the evidence be substantially the same upon another trial, the court will direct a verdict in favor of the bus company.