**George Joe JACKSON, Appellant,**

v.

**Hubert SHIPLEY, Appellee.**

Court of Appeals of Kentucky.

April 18, 1958.

Brents Dickinson, Jr., Glasgow, for appellant.

Cecil C. Wilson, Glasgow, for appellee.

CLAY, Commissioner.

In this automobile collision case plaintiff appellee recovered $9,000 for personal injuries and property damage. Defendant ap-

pellant contends he was entitled to a directed verdict.

The accident took place in the morning of a clear day on a straight stretch of state highway No. 249 near Glasgow. Plaintiff was proceeding north in a jeep and defendant was proceeding south in a new Chevrolet. The accident happened when plaintiff made a left turn to enter a driveway on defendant's side of the road. Defendant's vehicle approached in full view on a straight highway for at least 780 feet to the point of collision.

From the evidence, including the length of skid marks, and for the purpose of considering the question of a directed verdict, we will assume that defendant was operating his automobile at a high rate of speed, and this constituted negligence on his part. However, plaintiff may not recover if he was also negligent and his negligence constituted a proximate cause of the collision.

We will summarize plaintiff's testimony. When he was ready to make his left turn, he looked ahead and observed no car approaching within 787 feet. He then put his head out and looked to his rear. This took three or four seconds. He then said:

"Well, I looked up again ahead of me and saw a car coming down the road at the highest rate of speed I had ever seen one while I lived there, and it of course gave me a scare as it would anybody to see one coming and it seemed to be bouncing or out of control with who was driving it, and I knew by the time I went on across that the width I had to go to reach starting to turn in at an angle there, you would have several feet to go at 10 miles that would take quite a bit and he would hit me sideways. So I undertook to stop and give him room to come by, I saw he couldn't never get stopped. Before I could get stopped, I suppose I traveled 12 feet, maybe 15 feet, I think if you will check, you usually drive as many feet to get stopped as your car was going miles per hour and that would have been 10 or 12 feet which got me over the center of the road a few feet, 2 feet, I will say, with my left wheel and by that time his car was sliding on into me * * *."

On cross-examination he was asked these questions and made these answers:

"* * * Had you started to make your turn before you ever saw George Joe Jackson's car?

"I had intended to turn across because everything looked safe just a few seconds before while I was checking, but when I looked up ahead and when you cut a wheel it goes on.

"Did you cut that wheel after you saw him? Did you just deliberately cut over in front of him when you saw him?

"About the time I looked up I was getting up ready to turn in, I was just ready to cut and you do all of that and get frightened at the same time—

"Here's what I want to try to show, and I am sure it is right. You wouldn't have cut across in front of George Joe's car if you had known he was there, would you?

"I wouldn't have if I had known he was coming that fast, no sir.

"And you wouldn't have cut across in front of him if you had seen him there by your upper drive coming 55 miles an hour, you wouldn't have cut across in front of him, you going 10 miles an hour?

"We all cut across when we see cars, if we didn't we would hold up traffic for blocks.

"You didn't estimate you could cut across in front of George Joe?

"Not when I saw him coming that fast.

"You didn't think you could get across?

"If he hadn't been crowding my side.

"The minute you saw him you knew you were going to have a wreck?

"I knew he couldn't stop. I was going to stop and give him room to go on by."

The situation described by the plaintiff is this. He looked ahead where he could observe the highway for 787 feet. He saw no approaching automobile. He looked back and started to make his turn. When he looked forward again, the defendant's car was so close that a collision was imminent. He became frightened and confused and did not attempt either to get across the road to his left or pull back into his driving lane.

■ KRS 189.380 provides a person may not turn a vehicle from a direct course on the highway "unless and until such movement can be made with reasonable safety". Implicit in this statute is the requirement that the operator keep a lookout ahead in order to ascertain if he can make his turn with reasonable safety. See Kentucky Bus Lines, Inc., v. Wilson, Ky., 258 S.W.2d 486. In that case it was said that the operator must look "immediately" before making the turn. In Kelly v. Marcum, 272 Ky. 609, 114 S.W.2d 1102, 1103, 1106, it was said: "The word 'constant' means that the operator should use every moment in keeping a lookout. Such an act upon his part is a duty that he cannot neglect in operating a motor vehicle."

■ On the other hand, it has been recognized that a person may turn in front of an observed approaching car without being guilty of negligence as a matter of law. Rutherford v. Smith, 284 Ky. 592, 145 S.W. 2d 533; Hilsenrad v. Bowling, 292 Ky. 368, 166 S.W.2d 847. In both of those cases the driver who intended to turn observed the approaching car several hundred feet away, and it was held that he had the right to assume that such car was being driven at a reasonable speed. In Pillsbury-Ballard, Division of Pillsbury Mills v. Scott, Ky. 283 S.W.2d 387, the plaintiff started to make a left turn when the road appeared clear for 350 feet ahead. The defendant came around a curve at an excessive speed and a collision occurred. We declined to hold the plaintiff guilty of contributory negligence as a matter of law, again stating that the plaintiff had the right to assume the approaching party was traveling at a legal rate of speed.

■ In the present case the plaintiff was not keeping a constant lookout ahead, nor did he look ahead immediately before commencing his turn. However, having once looked, he did have a right to assume that any unseen cars would be approaching at a reasonable rate of speed, thereby giving him an opportunity to make his turn. The question is whether or not he was negligent (1) in failing to keep a proper lookout ahead, or (2) in making too slow a turn, or (3) in failing to get out of the way when he finally observed defendant's rapidly approaching automobile.

If we were sitting as a jury, we might well be inclined to find plaintiff was negligent and his negligence contributed to the accident. On the other hand, the majority of the court is of the opinion that reasonable minds could differ on this issue, and a jury could properly determine that plaintiff's acts did not constitute negligence. Therefore plaintiff cannot be held contributorily negligent as a matter of law, and defendant was not entitled to a directed verdict. See Beasley v. Evans' Adm'x, Ky., 311 S.W.2d 195.

The judgment is affirmed.