Seymour **MOSKOWITZ**, Plaintiff-**Appellant**,

v.

Henry Earl **PEARISO** et al., Defendants-**Appellees**.

No. 71–1629.

United States Court of Appeals, Sixth Circuit.

April 7, 1972.

---

8. Parrott v. United States, 314 F.2d 46, 47 (10th Cir. 1963).

242

Darrell B. Hancock, Lexington, Ky. (Fowler, Rouse, Measle & Bell, Lexington, Ky., on the brief), for appellant.

C. W. Swinford, Lexington, Ky. (Stoll, Keenon & Park, Lexington, Ky., on the brief), for appellees.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and KINNEARY, District Judge.*

KINNEARY, District Judge.

This is an action for damages for personal injuries and property damage occasioned by a motor vehicle accident. Federal jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332.

The accident occurred in Kentucky and the law of that state governs as to the substantive issues in the case. The jury returned a verdict for the defendant. As grounds for reversal, the plaintiff-appellant Moskowitz contends (1) that the district judge erred in admitting testimony to the effect that the Moskowitz automobile was flying, (2) that the district judge erred in instructing the jury on contributory negligence, and (3) that the district judge erred in overruling plaintiff-appellant's motions for a directed verdict and for a judgment notwithstanding the verdict and for a new trial.

The accident occurred on August 21, 1968 in Scott County, Kentucky on U.S. Highway 460 and 227 near the interchange with Interstate 75. Mr. Moskowitz was travelling west on Highway 460 and 227. The defendant-appellee Peariso was travelling east on Highway 460 and 227. The Moskowitz vehicle struck the right front of the Peariso truck while Mr. Peariso was in the process of making a left hand turn to a ramp that would lead him to Interstate 75.

The accident occurred at about 9:30 a. m. The weather was clear and the pavement was dry. The stretch of road near the scene of the accident is straight with perhaps a slight downward incline in the direction in which the Moskowitz vehicle was travelling. All witnesses who testified as to point of impact placed the point of impact in the plaintiff-appellant's lane of traffic.

Mr. Moskowitz testified that his visibility was about a quarter of a mile at the time and place of the accident, but that he first observed the defendant's vehicle when he was about 200 feet from the intersection and when the defendant's vehicle was between 200 and 300 feet from the intersection. Mr. Moskowitz did not see the defendant's turn signal. Mr. Moskowitz further testified that the defendant abruptly turned his tractor-trailer into his lane of traffic when the Moskowitz vehicle was only fifteen to twenty feet away. Mr. Moskowitz testified that he reacted by applying his brakes, turning to the right and by moving his left leg to the right of the steering column. He estimated that he was going 30 to 35 miles per hour at the time of the collision.

The defendant, Mr. Peariso, testified that he approached the intersection with

* The Honorable Joseph P. Kinneary, United States District Judge, Southern District of Ohio, sitting by designation.

his left turn signal on. He saw the Moskowitz car when it was over 120 feet away, he started his turn and he stopped when he realized he did not have enough clearance to complete the turn. He estimated that the front of his truck was extending about one foot into the Moskowitz lane of traffic when the collision occurred. Mr. Peariso testified that the Moskowitz vehicle was "flying", but he could not estimate its speed.

Mr. William G. Beckett was called as a witness by the plaintiff. He testified that he was following the defendant's tractor trailer and he testified that he saw the defendant's turn signal prior to the accident.

Deputy Sheriff Willard Offutt testified by deposition that he had measured thirty feet of skidmark apparently left by the Moskowitz vehicle.

None of the arguments advanced by the appellant require reversal. It has been held by Kentucky courts that a witness may use such personal expressions as "pretty fast" or "real fast." In Consolidated Coach Corporation v. Earls' Adm'r., 263 Ky. 814, 94 S.W.2d 6 (1936) the Court stated:

> A witness may not be able to testify as to speed in terms of miles per hour, and yet be able from observation of relative rates or speed of motor vehicles to say whether the car was going slowly or swiftly. A witness who displays such knowledge gathered from observations of the relative speed of motor vehicles may be permitted to testify that the automobile was moving swiftly when he observed it. . . .

In Wilburn v. Simons, 302 Ky. 752, 196 S.W.2d 356 (1946) it was held that testimony that a vehicle was traveling at "a terrific speed" was competent evidence.

The evidence in this case showed that Mr. Peariso had been driving a truck for the same employer for ten years prior to the accident. He testified that he had been through the intersection where the accident occurred many times.

He started his turn believing that he had plenty of clearance between himself and the Moskowitz vehicle and it was his testimony that he could not complete the turn because the Moskowitz vehicle was flying. Mr. Peariso's experience certainly qualified him to testify concerning speed. Wilburn v. Simons, *supra.*

Based on the evidence in this case, and on the decisions of the Court of Appeals for the Commonwealth of Kentucky, this Court determines that it was proper for the district judge to instruct the jury on contributory negligence.

Kentucky Revised Statutes, Section 189.380, provides that "no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety . . ." It is appellant's position that the evidence clearly established a violation of this statute.

Appellant further argues that the only evidence of contributory negligence was the defendant's testimony that the Moskowitz vehicle was flying and therefore there was insufficient evidence to submit the question of contributory negligence to the jury, and the Court should have directed a verdict for the plaintiff.

There are numerous Kentucky decisions which support the proposition that the driver of a vehicle making a left turn who is involved in a collision may not be negligent as a matter of law so as to entitle the other driver to a directed verdict. See, *e. g.,* Hilsenrad v. Bowling, 292 Ky. 368, 166 S.W.2d 847 (1942); Barnes v. Jones, 351 S.W.2d 506 (Ky.Ct.App.1961). Moreover, the operation of Kentucky Revised Statutes, Section 189.380, does not preclude the issue of contributory negligence. A left turn across a highway may be made when other vehicles are approaching. Hilsenrad v. Bowling, *supra*; Jackson v. Shipley, 312 S.W.2d 627 (Ky.Ct.App. 1958).

While it is true that a vehicle proceeding in a straight course shall be given priority, Barnes v. Jones, *supra,* the favored driver cannot heedlessly pro-

ceed after he has become aware of the danger that has been presented by the first wrongdoer. Hammitte v. Livesay, 436 F.2d 1134 (6th Cir. 1971); see, Bailey v. Barnett, 470 S.W.2d 331 (Ky.Ct. App.1971).

In Ellison v. Begley, 448 S.W.2d 371 (Ky.Ct.App.1969) the Court held that there was sufficient evidence for a jury to have determined that a favored driver was contributorily negligent in not applying his brakes as quickly as he should have when he realized the other driver was not going to stop. In Browning v. Callison, 437 S.W.2d 941 (Ky.Ct.App.1969) the favored driver was negligent in failing to keep a proper lookout and in failing to act properly after he saw or should have seen the other vehicle in the intersection. See, Killman v. Taylor, 453 S.W.2d 574 (Ky. Ct.App.1970).

And in Hilsenrad v. Bowling, *supra*, a left turn collision case, the favored driver was negligent in that his speed was excessive, he failed to keep a proper lookout and he failed to have his auto under reasonable control.

■ The appellant Moskowitz, as he approached the highway junction intending to follow a straight course, had a duty to keep his automobile under reasonable control, to drive at a reasonable speed, to maintain a lookout for other automobiles and signals and to exercise ordinary care to avoid a collision with a vehicle turning at the junction. Elliott v. Drury's Adm'x, 304 Ky. 93, 200 S.W. 2d 141 (Ky.Ct.App.1947).

The evidence in the case establishes that the appellant failed to see the defendant's turn signal from which the jury might conclude that he failed to maintain a proper lookout. There was evidence that immediately before the collision appellant was attempting to swing his left leg to the right of the steering column from which the jury might conclude that he failed to have his car under proper control. And there was some evidence concerning the speed of the Moskowitz automobile aside from Mr.

Peariso's testimony that the Moskowitz automobile was "flying." That evidence consisted of skidmark measurements and evidence concerning the force of the impact.

■ Consequently, it was proper for the district judge to instruct the jury on contributory negligence.

■ With respect to appellant's third argument, this Court finds no error in the rulings of the district judge on appellant's various motions. It is the law in this circuit that the state test for the sufficiency of the evidence in support of a jury verdict is to be utilized by the federal courts in instances where federal jurisdiction rests on diversity of citizenship. Gilreath v. Southern Ry. Co., 323 F.2d 158 (6th Cir. 1963); see, Louisville Gas and Electric Co. v. American Insurance Co., 412 F.2d 908 (6th Cir. 1969).

■ On a motion for a directed verdict the trial court is called upon to determine whether or not there is enough probative evidence to sustain a verdict for the non-moving party. Higgans v. Deskins, 263 S.W.2d 108 (Ky. Ct.App.1953). There will be sufficient evidence to go to a jury if the evidence is not so one sided that reasonable minds could not differ. When reasonable minds could reach different conclusions, the case should be submitted to the jury. See, Scott v. Patterson, 400 S.W.2d 526 (Ky.Ct.App.1966); Kroger Company v. Thompson, 432 S.W.2d 31 (Ky.Ct.App.1968).

■ The same considerations which govern a proper decision on a motion for a directed verdict also govern in the consideration of a motion for a judgment notwithstanding verdict. Cassinelli v. Begley, 433 S.W.2d 651 (Ky. Ct.App.1968). In ruling on either a motion for a directed verdict or on a motion for judgment notwithstanding verdict, the Court must consider the evidence in the light most favorable to the party against whom the motion is made, and on appeal the appellate court is to consider the evidence in the same light.

Sutton v. Combs, 419 S.W.2d 775 (Ky. Ct.App.1967).

An appellate court cannot disturb a jury's findings unless they are clearly erroneous. Blue Grass Restaurant Co. v. Franklin, 424 S.W.2d 594 (Ky.Ct.App.1968). A jury verdict may not rest on speculation or surmise. Texaco, Inc. v. Debusk, 444 S.W.2d 261 (Ky.Ct.App.1969).

However, if there is competent and relevant evidence affording a reasonable and logical inference or conclusion of a definite fact, a reviewing court will not invade the jury's province to weigh conflicting evidence, judge the credibility of witnesses and draw the ultimate conclusion. Beatrice Foods Co. v. Chatham, 371 S.W.2d 17 (Ky.Ct.App. 1963).

We find ample evidence in the record of this case to support the rulings of the district court.

Based on the foregoing, the judgment of the district court is hereby affirmed.