## Louisville Railway Company v. Basler.

(Decided March 23, 1923.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1. Street Railroads—Not Necessarily Contributory Negligence to Attempt to Cross in Front of Street Car.—In a city the driver of a vehicle is not required to await the passing of every street car that he sees in the distance, and therefore is not necessarily guilty of contributory negligence in attempting to cross the track in front of a car which he sees approaching, but the question will depend on the particular circumstances of the case.

2. Street Railroads—Person Attempting to Cross Street Car Tracks Must Use Ordinary Care.—Though the stop, look, and listen doctrine does not apply to a person attempting to cross a street car track in a city, such person must use ordinary care to learn of the approach of a car and keep out of its way.

3. Street Railroads—Automobile Driver Held Contributorily Negligent in Law for Attempting to Cross in Front of Street Car.—An automobile driver, who, on a foggy night, saw a street car approaching when he was about 60 feet from the point where he intended to cross the tracks, and who thereafter paid no further attention to the approaching car and started across the track when the car was only a short distance away, because he had underestimated its distance and speed when he first saw it, was contributorily negligent as a matter of law.

PETER, LEE, TABB & KRIEGER for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal is from a judgment in favor of appellee for injuries to his person and his automobile.

The only question we need discuss is whether appellant's motion for a peremptory instruction should have been sustained.

The facts are these: The accident occurred at the intersection of Galt and Frankfort avenues in Crescent Hill, a suburb of Louisville. Frankfort avenue runs east and west, while Galt avenue runs north and south. On the north side of Frankfort avenue, Galt avenue is some ten or twelve feet further west than it is on the south side of Frankfort avenue. The next street east of Galt avenue is Franck avenue. It was about eleven o'clock p. m., when the accident occurred, and it was a foggy night. Appellee was driving his automobile east

on the south side of Frankfort avenue, and the street car was going west on the north side of Frankfort avenue. When about twenty or thirty feet from Galt avenue appellee saw the light on the street car, which he judged to be about a square away. He slowed his car to six miles an hour, changed the gear to low speed and sounded his horn before turning to the left. Before reaching the tracks, it was necessary for him to go about fifty or sixty feet, and after observing the light in the distance, he never again looked at the car before crossing the track. The street car struck the rear wheels of the automobile and demolished it and then ran for several feet. According to the motorman, the car was about seventy-five or one hundred feet away when appellee started to make the turn to go across the track, and about twenty-five or thirty feet away after he actually made the turn. At that time the car was going about six miles an hour, and he applied the emergency brake and did everything in his power to stop the car.

In a city, of course, the driver of a vehicle is not required to await the passing of every street car that he sees in the distance, and that being true, he is not necessarily guilty of contributory negligence in attempting to cross the track in front of a car which he sees approaching, but the question will depend on the particular circumstances of the case. Though the "Stop, Look and Listen" doctrine does not prevail in this state, it is the rule that one about to cross a street car track at a place like the one in question must use ordinary care to learn of the approach of a car and keep out of its way. Appellee knew of the approach of the car when he was about twenty feet from Galt avenue. Notwithstanding this fact, he drove fifty or sixty feet without looking again to see where the car was, and started across the track when the car was not over a hundred feet away. It is no excuse for his conduct that when some distance from the track he misjudged the speed and distance of the car. Knowing that the car was coming, it was his duty to look and see where the car was before attempting to cross in front of it. If he had done this, he would have seen the car bearing down on him and only a few feet away. We therefore conclude that appellee was guilty of contributory negligence as a matter of law, and that the motion for a peremptory should have been sustained.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.