## Grimes v. Thompson.

(Decided December 17, 1926.)

Appeal from Jefferson Circuit Court
(Common Pleas, Fourth Division).

1. Automobiles—Backing Automobile at Congested Intersection, Without Notice to Persons in Rear, is Negligence.—Sudden backward movement of automobile, which had crossed street intersection against semaphore, where made without notice to persons in rear, is negligence.

2. Automobiles—Evidence that Defendant, Backing Automobile on Traffic Officer's Signal, had Occupant Watch Behind Held to Warrant Verdict Denying Recovery for Pedestrian's Injury.—Where defendant had driven car past semaphore with stop sign and

backed machine, following signal from traffic officer, thereby running into plaintiff, jury was authorized to find for defendant, on evidence that he requested occupant of rear seat to look in rear and occupant notified him that path was clear.

3. Automobiles—Contributory Negligence of Pedestrian, Injured by Backing Automobile, Held for Jury.—That pedestrian, crossing street intersection with traffic semaphore, saw traffic officer signal for backing of automobile ahead of her held sufficient evidence of contributory negligence for submission to jury, in action by pedestrian for injuries.

4. Appeal and Error—Excluding Deposition Offered to Explain Inconsistent Testimony, on Cross-Examination, Relating to Plaintiff's Injuries, Held Harmless Error where Verdict was for Defendant. —In action for injuries caused by backing automobile, refusal of court to permit reading of plaintiff's deposition to explain inconsistent answers on cross-examination, bearing on extent of injuries, held harmless error where verdict was for defendant.

5. Appeal and Error—Refusal to Admit Deposition to Show Extent of Injuries Held Not Ground for Reversal where Not Part of Record.—In action for injuries, refusal to admit deposition, offered to explain apparent contradiction as to extent of injuries, held not ground for reversal where deposition offered was not part of record on appeal.

6. Evidence—Testimony of Defendant's Physician, who, Without Objection, Examined Plaintiff in Absence of Her Physician and Attorney, Held Not Incompetent, in Injury Action.—Testimony of physician who examined plaintiff at her home, in absence of her counsel and physician, held not incompetent, in plaintiff's action for injuries from backing car, where no objection was made to examination and where plaintiff might have had presence of her own counsel.

7. Appeal and Error—Denying Continuance and Permitting Affidavit of Testimony of Absent Witness to be Read Cannot be Complained of on Appeal, where Acquiesced in.—Overruling motion for continuance and permitting affidavit as to testimony of absent witness to be read as deposition held not error, where plaintiff agreed to such procedure at trial.

BRUCE, BULLIT, GORDON & LAURENT, WALTER P. LINCOLN and LEO T. WOLFORD for appellant.

HASWELL & LUKINS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant (plaintiff) instituted this action against appellee (defendant) for personal injuries alleged to have been suffered by the plaintiff because of the defendant's negligence in causing an automobile to be run

against her while she was walking across Third street at its intersection with Walnut street in Louisville. The answer denied the material facts alleged, and relied upon contributory negligence, and upon a trial the jury found a verdict for defendant, and this appeal is by plaintiff.

The facts disclosed in evidence are that plaintiff, a woman somewhat past 50, was at the southeast corner of Third and Walnut streets on a Saturday in July, and desired to cross Third street to the southwest corner on her way westward. There was a semaphore in operation at the corner, and in addition a traffic officer controlling the traffic at this somewhat important point. Appellee was driving north on Third street, and in his machine were two others, one on the front seat with him and the other on the rear seat; when the machine reached the intersection it was in a line of automobiles going north, and it crossed the space reserved for pedestrians going from the southeast to the southwest corner of Third street, and about that time the semaphore indicated the stoppage of traffic north and south on Third street, and indicated the procedure of traffic and pedestrians for crossing on Walnut across Third street. Not only did the semaphore indicate that appellee must stop, but the traffic officer, according to some of the evidence, held up his hand and directed him to stop after he had crossed such space, and in addition signaled him to back his machine.

After appellee had crossed the space reserved for pedestrians, appellant and others undertook to cross Third street from the southeast corner to the southwest corner, and while appellant was crossing appellee backed his machine and struck her, whereby she was injured.

Certainly, as claimed by plaintiff, the sudden backward movement of an automobile without notice of such purpose to persons that might be in the rear thereof, is negligence; and especially would this appear to be true at a congested traffic intersection such as the one in question is shown to have been. In defining the duties of the driver the court in this case, in substance, so instructed the jury. There was, however, evidence indicating not only that defendant backed his machine in compliance with a signal given him by the traffic officer, but that he requested the occupant of his car on the rear seat to watch out at the rear, and had notice from such

occupant there was nobody in his path. If, therefore, the jury accepted such evidence they were authorized to find for the defendant. On the question whether before defendant started the backward movement of his car he gave the customary signal, there is a distinct and clear-cut contradiction in the evidence.

But it is said that it is not evidence of negligence for a pedestrian to cross the street behind a standing automobile when the traffic signal at the intersection is favorable, and that, therefore, there was no basis in this case for giving the contributory negligence instruction the court gave. This contention, however, overlooks the contradiction in the evidence as to whether appellee gave the signal as to his purpose to move backward, and over-looks the evidence tending to show that the traffic offi-cer motioned appellee to back his machine, and over-looks the fact that appellant herself states, while she was crossing the street to the rear of the machine, she had her eye all the time upon the traffic officer; and there-fore if, as the evidence tends to show, the traffic officer signaled appellee to back his machine, appellant must have seen such signal, and undertook to cross behind the machine at a time when she knew or should have known the backing of it was imminent. In the light of this evidence, therefore, there was no error in submit-ting the question of contributory negligence.

Appellant's deposition was taken as if on cross-ex-amination some time before the trial when she testified in open court. Upon cross-examination on the trial she was questioned by defendant's counsel as to certain statements made by her in her deposition, designed to affect her testimony on the trial, and which was appar-ently inconsistent with the testimony first given. These questions, however, bore only upon the extent of her injuries, and as the jury found for defendant the ques-tion now appears to be unimportant on this appeal. After such line of cross-examination was permitted the plain-tiff offered to read the whole of the deposition, as is said, for the purpose of explaining or modifying the apparent contradiction, and this the court declined to per-mit her to do. Possibly this was error, O'Donnell v. Louisville Electric Co., 21 R. 1362; but in this case, as we have seen, the error could not be deemed prejudicial, not only for the reason above stated, but for the addi-tional reason that the deposition so offered to be read

as a whole is not in the transcript on appeal, and not having it before us we are unable to determine whether the error in any event could have been prejudicial.

Complaint is made of the competency of the evidence of a physician who, at the instance of the appellee or his counsel, went to appellant's home and made a physical examination of her to ascertain the nature and extent of her injuries when neither counsel nor physician of plaintiff was present. The ethics of such a procedure may sometimes well be called in question, but the evidence shows here there was no objection upon the part of appellant to submit to such examination by the physician, and that he remained at her home some two hours or more making such examination by her acquiescence, and that she had ample time and opportunity, if she had so desired, to have notified her own counsel of such examination, or her own physician, to the end that they might have been present.

Under the facts in evidence we do not regard this question as serious, especially as it bore alone upon the nature and extent of the injuries.

The defendant sought a continuance upon the ground of the absence of an important witness who had been summoned; and filed affidavit purporting to give what the evidence of the absent evidence would be, whereupon plaintiff agreed same might be read as the deposition of such witness subject to exceptions for relevancy and competency. Obviously now plaintiff can not complain of the action of the court in overruling the motion for continuance and permitting the affidavit to be read.

Our examination of the record fails to disclose any reversible error, although the weight of the evidence upon some of the contested points appears to be with the plaintiff.

Judgment affirmed.