## VICARO v. NEW AMSTERDAM CASUALTY CO. et. al.
## No. 1463.

Court of Appeal of Louisiana. First Circuit.
March 25, 1935.

Taylor, Porter & Brooks, of Baton Rouge, for appellants.

Carlos G. Spaht and Moise Thibodeaux, both of Baton Rouge, for appellee.

DORE, Judge.

The statement of this case cannot be better stated than by the defendants themselves, quoting from their brief:

"Plaintiff sues Antonio Lungaro and New Amsterdam Casualty Company, his insurer, in solido, for $6929.00 for damages which he alleges were sustained by him when he was injured on January 2, 1933, by Lungaro's car, when the latter was attempting to turn his car in the River Road in this parish at the main entrance to Fred Conrad's place.

"The plaintiff's theory of the case is that while he was standing in the road about three feet to the right of the right front door of Lungaro's car, the front end of which car was then 'very close' to the 14 foot bridge crossing the drainage ditch at the entrance to Conrad's place, he 'admonished and told the said Lungaro to drive carefully or he would go into the said ditch'; that while your petitioner was standing in this said position and at this said point the said Lungaro suddenly, and without any warning whatever negligently, carelessly, and recklessly, drove his said automobile backwards, cutting his front wheels at such an angle that the said right front wheel in moving backwards struck your petitioner and knocked him down on his back, and rolled over him. * * * That petitioner attempted to get out of the path of the said Lungaro's automobile but that it came or shot backwards so fast, so unexpected, and at such an angle that it was impossible for him to do so.

"The defendants deny that the said Lungaro was negligent in anywise and allege and aver that Vicaro was directing Lungaro as to how to turn around his (Lungaro's) car in the road, and if Vicaro gave improper instructions to Lungaro, Vicaro alone is responsible for his injuries resulting therefrom. The defendants plead contributory negligence in the alternative.

"The case was tried before the late Judge George K. Favrot, who, after hearing both oral and written arguments, and after taking the case under advisement, rejected the demands of the plaintiff and dismissed his suit with costs. Within the prescribed time, the plaintiff applied for a rehearing. After the plaintiff's counsel had argued his application, both orally and by written brief, and after again taking the case under advisement, Judge Favrot granted a rehearing. Before the case was argued on rehearing Judge Favrot passed away, and the case was argued before his successor, the Honorable James D. Womack, and was submitted on the record and the testimony taken before the late Judge Favrot. After considering the case, Judge Womack annulled and set aside the judgment previously rendered by Judge Favrot and awarded a judgment in favor of the plaintiff and against the defendants, in solido, for the full sum of $529.00, with interest and costs, being $500.00 for personal injuries and $29.00 for medical expenses.

"The defendants have appealed from this judgment. As we appreciate the case, the sole question to be decided is whether or not Vicaro was directing the movements of Lungaro's car."

In deciding the question as to whether or not the said plaintiff was directing the movements of Lungaro's car, we have come to the conclusion that he was not. The testimony of Mr. Charles Mascarella, regardless of the fact that he is plaintiff's brother-in-law, strikes us more forcibly than any other testimony in this case. We consider him the most reliable of all the witnesses who testified in this case, save and except the engineer and the doctors.

We feel that the law governing this case can be found in the provisions of Act No. 21 of 1932, and more particularly:

"Rule 9. (Turning.)

"(a) The driver of any vehicle on the public roads, highways and bridges of this State shall ascertain, before turning around upon any such road, highway or bridge, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly or unnecessarily delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless and until the said way is clear. * * *

"Rule 10. (Signals on Starting, Stopping or Turning.)

"(a) The driver of any vehicle upon a public road, highway or bridge of this State, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and, if any pedestrian

may be affected by such movement, shall give a clearly audible signal by sounding the horn; and, whenever * * * " Section 3.

The Supreme Court of Kentucky in the case of Grimes v. Thompson, 217 Ky. 389, 289 S. W. 290, 291, made this statement, viz.: "The sudden backward movement of an automobile, without notice of such purpose to persons that might be in the rear thereof, is negligence."

In the case of Oliver v. Weaver, 72 Colo. 540, 212 P. 978, 980, somewhat similar to the present case, the Supreme Court of Colorado said: "The sudden backing of an automobile, or a backing without reasonable warning may be negligence."

In volume 42 of Corpus Juris, pages 934 and 936, we find these statements, which are each supported by several decisions:

"It is the duty of the operator of an automobile to give a signal of his intention to back when any reasonable necessity therefor exists."

"In backing the operator should keep a lookout to the rear, so that his movement will not endanger other vehicles or pedestrians."

"The operator of an automobile has the right to stop, back, or turn his car in the street or highway, but in so doing must exercise reasonable care with respect to other vehicles and pedestrians."

From the above quotation, it is our opinion that Mr. Lungaro was under a special duty to see that his way was clear and give the proper signal of warning before suddenly moving his car backwards as he did.

We are satisfied that the evidence shows that defendant Lungaro, well knowing that plaintiff Vicaro was standing right close to the side of his automobile and within striking distance, suddenly and without warning backed his automobile at a reckless speed, cutting his wheel backward in such a manner as to cause the front wheel of his car to strike the plaintiff and seriously injuring him.

We do not believe, however, that the Studebaker sedan rested on his chest for fully ten minutes as he would have this court to believe. From the evidence, we gather that he was injured by the defendant to such an extent that two of his ribs were seriously injured, and his diaphragm was also somewhat injured.

The defendant contends that Judge Favrot's former decision should have great weight with us, but we also take in consideration the fact that Judge Favrot granted a new trial in this cause.

We also take into consideration the fact that Judge Womack, the judge who replaced Judge Favrot, considered this case thoroughly.

We recognize the rule that the judgment of the lower court upon questions of facts should not be reversed unless the said judgment be manifestly erroneous.

We consider this case purely upon the record as made to us, and we believe that substantial justice has been done.

Plaintiff has answered the appeal asking for an increase of damages. The defendant has prayed that in the event we should be of the opinion that the plaintiff Vicaro was not negligent in his action by standing too close to the automobile, then, that a reduction of the amount allowed be decreased by this court.

In answer to these two contentions, we say that the plaintiff Vicaro was not in any way negligent in this case, and that the judgment of the lower court does substantial justice to him and to the defendant.

For these reasons, the judgment is hereby affirmed at appellant's costs in both courts.