## Davis v. Kunkle.

May 7, 1946.

O. R. Bright for appellant.

B. S. Grannis and Henry H. Bramblet for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK— Affirming.

The appeal is from a judgment in favor of the appellee, Phillipp J. Kunkle, plaintiff below, against W. E. Davis, in the amount of $529.05 on a directed verdict. Mr. Kunkle was awarded damages for his automobile growing out of a collision between his car and a car belonging to Mr. Davis and being driven by Miss Lucille Byron, now Mrs. Davis. The accident occurred on Highway 60 as Mr. Kunkle was proceeding toward Mt. Sterling and as Mr. Davis's car was proceeding toward Winchester. The collision took place when Miss Byron drove her car from the right-hand side of the road to the left in the path of Mr. Kunkle's car. She was going to a filling station on that side of the road. There were three or four cars in front of Miss Byron proceeding in the same direction. Mr. Kunkle rounded a curve some 200 or 300 feet from the place of the accident and

saw the line of cars on his left. He and a passenger in his car said he was proceeding at between 35 and 40 miles an hour. He said Miss Byron drove her car into the path of his car when he was some 80 feet from her, and that he immediately applied his brakes, sounded his horn and pulled his car over on the shoulder of the highway. His car made skid marks for approximately 84 feet. Both Miss Byron and Mr. Davis said they did not see Mr. Kunkle's car until just before the collision, and there was no testimony showing that Miss Byron gave any of the statutory signals before veering her car to the left from the right-hand side of the road.

The appellant's contention is that the case was one for the jury, because Mr. Kunkle was exceeding the Federal O. D. T. speed limit of 35 miles per hour, and because the length of the skid marks would indicate he was traveling at even a higher speed than 35 to 40 miles an hour. On the other hand, the appellee contends that Miss Byron's negligence in turning her car into the left lane of the highway and into the path of his car without giving any signal, and without maintaining a lookout (since she said she did not see Mr. Kunkle's car until immediately before the collision) was the sole cause of the accident. He contends also that, even if it be conceded he was traveling at an excessive rate of speed, that fact could not have contributed to the accident because it would have occurred in any event.

We believe the court properly instructed the jury to find for Mr. Kunkle because we can not escape the conclusion that the only reasonable inference to be drawn from the evidence is that the proximate cause of the accident was the negligence of Miss Byron. Her own evidence shows she was not maintaining the lookout duty required by KRS 189.290 because she said she did not see Mr. Kunkle's car until just before the collision. Furthermore, she did not give the signal required by KRS 189.380 of her intention to make a left-hand turn by extending her hand and arm in a horizontal position from and beyond the side of her car in the direction toward which she intended to turn for not less than 100 feet before making the turn. Had she been maintaining a proper lookout she would have seen Mr. Kunkle's car, because there is no evidence contrary to that offered in his behalf to the effect that he saw the car which Miss

Byron was driving when he rounded the curve and that it suddenly veered into the path of his car when he was some 75 or 80 feet from it. Miss Byron also violated KRS 189.300 (1), which provides that the operator of vehicles shall not travel upon the left side of the highway unless the left side is clear of all other traffic and presents a clear vision for a distance of at least 150 feet.

As pointed out in Rabold v. Gonyer, 285 Ky. 618, 148 S. W. 2d 728, few instances arise where we feel warranted in directing a verdict for the plaintiff in an automobile damage suit, but we have no hesitancy in doing so where the evidence shows clearly and conclusively that the defendant's negligence was the sole cause of the accident. In the Rabold case it was shown that the plaintiff was traveling at an excessive speed, which is by no means shown in the case at bar; but the evidence showed also that the act of the defendant in suddenly turning his car to the left of the center line of the highway to avoid striking a pedestrian was the cause of the collision. It was pointed out also that the accident would have happened regardless of the rate of speed of the plaintiff's car. While there is some evidence that a car equipped with hydraulic brakes, as was Mr. Kunkle's car, could be stopped within 40 or 50 feet if it were being driven at a speed of 40 miles an hour, the evidence shows that the brakes on Mr. Kunkle's car were in good shape, that he applied them, sounded his horn, pulled his car to the right and did everything he could to avoid striking the car being driven by Miss Byron. The skid-marks themselves support his theory of the case, because they indicate that he saw Miss Byron when she pulled her car into the path of his and that he made an effort to stop.

As we have indicated, it is our view that Miss Byron, the driver of Mr. Davis's car, was guilty of negligence per se, and, therefore, the trial court properly directed a verdict in favor of the plaintiff, Mr. Kunkle.

Judgment affirmed.