## Rose et al. v. Mattingly.

April 29, 1949.

J. W. McKenzie for appellants.

J. G. M. Robinson and Dysard & Dysard for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The sole question presented on this appeal is whether or not appellants were entitled to a peremptory instruction. They were plaintiffs below.

The cause of action grew out of an accident on August 7, 1947, shortly after midnight. Appellant, Glenn Rose, was driving his automobile west on Carter Avenue in Ashland. Appellee, B. L. Mattingly, was driving his car east on Carter. At the intersection of 12th Street Mattingly undertook to make a left hand turn, admittedly without giving a signal or warning of any kind. He turned left directly in front of the Rose car. The Mattingly car was knocked 12 to 15 feet onto the edge of a church yard.

Were this all the evidence appellants would be entirely correct in their contention. Rose testified that after the automobiles came to a rest the first thing Mattingly said to him was "where did you come from, I didn't see you." Mattingly testified in substance that he was going "real" slow, saw the taxi waiting, looked up the street and to the rear, saw no one coming from either direction, started to turn left and when well in the turn there was a terrific crash. He said he did not see the Rose car before the collision took place. He stated the reason for not seeing the Rose car was that it had no lights on. He was corroborated in this by Ogle Jenkins, the driver of the taxi who had stopped on 12th Street at the intersection. Jenkins stated that when he reached the intersection, he stopped and looked both ways. He said he saw the Mattingly car "but the other one where it came from I don't know."

Johnnie Anderson, a soldier who lives nearby, and the first person to the scene of the accident, testified that when he reached the scene of the accident the Mattingly car had its lights on but the Rose car did not and when Mattingly inquired of him as to his lights Rose turned the switch and his right light came on. This is denied by Rose who stated that he had turned the lights off when an employee of the Blue Ribbon Bus Lines, with whom appellant Rose was also employed, had called his attention to the fact that he had a short and the battery would soon run down if he didn't turn the lights off.

Testimony of appellants was to the effect that the conversation had with Mattingly about having no lights occurred after these Blue Ribbon employees had reached the scene of the accident, which was placed from 6 to 10 minutes after the accident. Thus, we see there is a very sharp conflict in the evidence as to the lights.

Appellants cite in support of their position Davis v. Kunkle, 302 Ky. 258, 194 S. W. 2d 513, and insist that the facts therein are so similar to the facts in the instant case that the cases cannot be distinguished. We cannot agree with appellants in this contention. True, as in this case, there was failure to signal for left turn, but in the instant case there is evidence that appellants had no lights on, making it impossible for appellee to observe the appellants' car approaching . The jury found that both parties were negligent. The evidence is sufficient to support the jury in this finding.

Wherefore, the judgment is affirmed.