## Eads et al. v. Stockdale.

May 27, 1949.

Harlan Heilman for appellants.

William G. Reed for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This is a motor vehicle collision case. The jury found a verdict in the amount of $2,765 for appellee, the operator of an automobile, against the owners and operator of a truck. Several grounds are urged for reversal.

Appellee was driving north on a graveled country road in Carroll County. Appellants' truck was following him. Appellee's home is on the right and his private garage is on the opposite side of the road. He made a left turn to go into the garage, holding out his hand before doing so. Appellants' truck struck his automobile about the left rear door as he made the turn.

Appellee testified that before making the turn he was in the center of the road and bearing to the left. The truck driver testified appellee slowed down in front of his house, "pulled over to the right and throwed his hand down out of the door." The former apparently assumed appellee was going to stop on the right, and attempted to pass.

Appellants' first contention is that they were entitled to a peremptory instruction on the theory that the accident could not have happened as appellee testified. If there ever was a case for the jury, this is it. The testimony of the truck driver shows he was aware appellee was changing his course in the road, and he admitted appellee put out his hand. Whether or not this signal was an adequate warning or was too late to be effective are pure questions of fact. Under the evidence, a jury would be justified in finding that either or both operators were negligent. Appellants were not entitled to a peremptory instruction.

What has been said above answers appellants' second contention that the verdict was not sustained by sufficient evidence.

A more serious question arises with respect to the deprival of appellants' right to peremptorily challenge a juror because of the falsity of his answer on voir dire examination. By affidavits accompanying an amended motion for a new trial, appellants alleged, and it is not denied, that during the preliminary examination of the jury panel appellants' attorney asked the following question: "Have any of you gentlemen ever been represented by Mr. Reed (appellee's attorney) in any legal mat-

ter?'' The jury remained silent, thereby answering the question in the negative. It appears a member of the jury had been represented by appellee's attorney in a legal action filed in the Carroll Circuit Court. Appellants' attorney stated that he did not discover this fact unt'l after the trial and his client was thereby deprived of his right to peremptorily challenge this juror.

We hesitate to reverse a case where actual prejudice is not shown. However, we believe this is the type of situation where the misconduct of the juror must be deemed to have been prejudicial.

The reasons therefor are clearly set out in the case of Drury v. Franke, 247 Ky. 758, 796, 57 S. W. 2d 969, 88 A. L. R. 917. KRS 29.270 gives the parties in civil cases three peremptory challenges. This is a valuable and substantial right, and effectively assures not only the impartiality of the jury but the party's confidence in its fairness. In order that litigants may have an opportunity to exercise their judgment in striking jurors, it is essential that the latter answer truthfully those pertinent questions which may show prejudice on their part. Whether or not the false answer of a juror is made willfully or mistakenly is immaterial. Whether or not the verdict was the result of this juror's prejudice is likewise immaterial. The essence of the wrong committed is that, because of false information, the party is denied a fair opportunity to strike from the panel a juror whose truthful answer to a question may have shown bias.

In the Drury case cited above, a juror who had answered falsely that he had not been involved in an automobile collision did not even assent to the verdict complained of. Yet the special court deciding that case held it was not proper to speculate concerning the influence of the juror upon the verdict, the fact that false information was given and relied upon being a sufficient ground for a new trial. In the present case we think the relationship of attorney and client between appellee's counsel and the juror was a material fact; the false answer deprived appellants of pertinent information upon which their right of peremptory challenge depended; and the impairment of this right justifies the granting of a new trial.

Since a new trial will be had, we think it proper to briefly discuss two items of evidence to which appellants objected. The first concerns the testimony of appellee's physician with respect to the condition of appellee's spine. Appellants contend the petition did not allege such injury. It alleged the collision did "mash, tear, bruise, injure, strike plaintiff's back—." Since the spine is definitely a part of the back, we believe the petition gave adequate notice of the injuries about which the physician testified, and the evidence was competent.

Appellants also objected to the testimony of a witness concerning the speed of the truck when it was observed by him over 300 yards from the scene of the accident. Regardless of whether or not this evidence was competent, under the facts of this case the speed of the truck that distance from the scene of the accident was irrelevant and immaterial. On another trial, such evidence should not be admitted.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.