## Stockdale v. Eads et al. (two cases).

January 16, 1951.

Ward Yager, Judge.

William G. Reed for appellants.

R. L. Hardin and Howell W. Vincent for appellees.

JUDGE MOREMEN—Reversing.

The cause of action stated in the petition arose out of an automobile collision between a 1941 Chevrolet, four door sedan operated by appellant, Earl A. Stockdale, and a milk truck driven by one of the appellees, C. H. Felthouse. Appellants, Earl A. Stockdale and Bessie Stockdale, his wife, filed petitions seeking the recovery of damages to person and to property. The court ordered the two actions to be tried together. Upon the trial of the causes, at the conclusion of the introduction of evidence in behalf of appellants, upon motion of appellees, the court peremptorily instructed the jury to find for the appellees. We are now confronted with the question as to whether or not this instruction was properly given.

The evidence introduced by appellants discloses that on the morning of April 16, 1948, appellant, Earl A. Stockdale, was driving a car, owned by his wife, Bessie Stockdale, upon a rural highway, which was twenty feet in width and surfaced with crushed stone. At the time he was being followed by the milk truck operated by Felthouse. Stockdale testified, that when he reached a point about one hundred feet from the approach to his garage which was situated' on the left hand side of the road in the direction in which he was

moving, without looking backward, he extended his hand and gave signal for a left hand turn. Appellees' milk truck struck his automobile at about the left rear door as he made the turn. Bessie Stockdale who was standing on the right hand side of the road corroborated her husband's testimony.

The Trial Court explained his peremptory instruction to the jury by saying:

"That the law provides that every person operating a vehicle on the highway, before turning, stopping, or changing the course of the vehicle, and before turning the vehicle when starting it, shall first see that there is sufficient space for the change or turn to be made in safety. According to the proof in this case, Mr. Stockdale himself testified and the record will show, that he never, at any time, looked back to see whether there was an automobile or truck approaching him from the rear. And it is the opinion of the Court that Mr. Stockdale is charged with negligence as a matter of law * * *."
KRS 189.380, which has been since amended, but which was in force at the time of the accident reads, in part:

"(1) No person shall turn a vehicle from a direct course upon a highway until the movement can be made with reasonable safety * * * or after giving an appropriate signal as provided by subsection (2), if any other vehicle may be affected by the movement. A signal of intention to turn right or left shall be given continuously for not less than the last hundred feet traveled by the vehicle before turning. * * *

"(2) Every person operating a vehicle on the highway before turning, stopping or changing the course of the vehicle and before turning the vehicle when starting it shall first see that there is sufficient space for the change or turn to be made in safety, and if it appears that the movement or operation of another vehicle may reasonably be affected by the change he shall give plainly visible signals to the operator of the other vehicle of his intention to change, turn or stop. * * *"

The foregoing statute places a duty upon a driver about to change the course of his vehicle, first, to see that there is sufficient space for the turn to be made in safety, and if it appears that the movement of another vehicle may be reasonably affected, he is charged with

the second duty to give a proper signal designating his intention. If, as he approaches the point at which he intends to turn, no vehicle is in sight which might reasonably be affected by the change in direction, he is under no duty to give any signal. If it appears that another vehicle may be affected, he then becomes charged with the additional duty to give a proper signal, for a space not less than the last hundred feet traveled before turning.

This statute, KRS 189.380, deals with signals that a driver must give in order to warn operators of other vehicles of his intention to change his course and defines the circumstances under which it is mandatory that visual warnings be given. But when the proper signal is given under appropriate conditions it is not necessary to look to the driver's motive or reason why he gave the proper signal, or to the stimuli which prompted his action. That he gave the correct signal is enough.

We are of the opinion that the appellees were not entitled to a peremptory instruction. This is the second appearance of this case before this court. On the former appeal, Eads v. Stockdale, 310 Ky. 446, 220 S. W. 2d 971, we held that under the evidence produced at the first trial, appellees were not entitled to a peremptory instruction. The facts produced at the second trial were substantially the same as those presented for appellant at the first trial, with the exception of testimony given by Felthouse who when examined as if under cross examination could not remember whether he had testified at the first trial that appellant had given a signal of his intention to turn. However, the evidence of said witness is not binding on appellant, and since the salient and controlling facts shown by the testimony presented in behalf of appellant at both trials are the same, the opinion of this court on the first appeal is conclusive.

Appellees' motion for a peremptory should have been overruled. Therefore, we are compelled to reverse the judgment and remand the case for consistent proceedings.

Judgment reversed.