## KENTUCKY BUS LINES, Inc. v. WILSON.

Court of Appeals of Kentucky.

May 22, 1953.

Allen P. Cubbage, Leitchfield, Stoll, Keenon & Park, Lexington, for appellant.

Chester O., Carrier, Leitchfield, for appellee.

COMBS, Justice.

Kentucky Bus Lines sued Ardinal Wilson for damage to its bus resulting from a collision between the bus and Wilson's truck. Wilson filed a counterclaim for damages to his truck resulting from the same accident. The jury returned a verdict for Wilson in the amount of $500 and from the judgment entered on the verdict the Bus Company appeals.

The accident occurred on a straight stretch of Highway No. 62 in Grayson County. Both vehicles were traveling west. Wilson was towing another truck, which was attached to the rear of his truck by a chain some 10 feet long. The bus driver testified that when he came over the summit of a small hill he observed the two trucks on the left-hand side of the road some 600 feet away; that he thought the trucks were standing still; that there was sufficient room for his vehicle to pass to the right of the trucks and he decreased his speed and approached the trucks with the intention of passing them on the right; that he sounded his horn as he approached and passed the rear truck without difficulty; that as he was in the act of passing the Wilson truck it suddenly came across the center lane of the highway onto the right side of the road and collided with the bus, the left front of the bus striking the right front of the truck.

Wilson testified that at the time of the collision he was preparing to make a right-hand turn off of the main highway into a side road; that in order to make the right-hand turn with the disabled truck in tow it was necessary first to cross to the left-hand side of the highway; that before he crossed to the left he set the mechanical signals on the truck to indicate a right-hand turn; that he then opened the door to the cab of the truck and stood with one foot on the running board in order to ascertain if any traffic was approaching from either direction; that he saw none, and drove his truck to the left side of the highway; that he then resumed his normal position in the driver's seat of the truck cab, cut his truck to the right toward the side road, and was immediately struck by the bus. Wilson is corroborated in his version of the accident by Small, who was steering the truck being towed. Small also testified that before the two trucks changed their position on the highway he gave an arm signal for a right-hand turn in the manner required by statute. Both Wilson and Small testified that their trucks were not stopped on the highway, although they admitted the vehicles were traveling very slowly.

Counsel for the Bus Lines contends that the trial court should have directed a verdict in its favor for the amount of the damages to its bus; or at least should have held that Wilson was guilty of such contributory negligence as would prevent recovery by him on his counterclaim. Complaint is also made of one of the instructions but we find no error in that respect.

We are of the opinion the Bus Company was not entitled to a directed verdict for damages to the bus. The bus driver admitted he saw the two trucks on the left-hand side of the highway where they ordinarily would not be, and it was incumbent upon him in passing to the right to proceed with caution and to anticipate the movement of one or both of the trucks. Wright v. Clausen, 253 Ky. 498, 69 S.W.2d 1062, 104 A.L.R. 480. The question of his negligence was a matter for the jury.

488

As regards the question of Wilson's negligence, we think the position of the Company is well taken. It is not denied that the Wilson truck cut across the highway directly in front of the approaching bus. The sudden movement of the Wilson truck was established by the fact the bus was able to pass the truck being towed, but found its path blocked by the vehicle doing the towing. KRS 189.380(1) reads as follows:

"(1) No person shall turn a vehicle from a direct course upon a highway unless and until. such movement can be made with reasonable safety, and only after a clearly audible signal· has been given by sounding the horn if any pedestrian shall be affected by the movement. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement."

The statute imposes a double duty on a driver who wants to change the direction of his vehicle. First he must ascertain that his movement can be made with reasonable safety, and then he must give a signal to the drivers of other vehicles of his intention to change direction. Although Wilson testified he got out of the truck cab to look for approaching traffic and set his signals for a right turn, the conclusion is inescapable that he did not look to his right immediately before making the turn; or, if he did look, he did not see the bus which was in plain view. The effect is tne same within the contemplation of the law. The law not only requires a person to look when he should look, but also requires him to see what he should see. See Vaughn v. Jones, Ky., 257 S.W.2d 583.

Although the conclusion we have reached in regard to the negligence of Wilson makes it necessary to reverse the case, this will not affect the judgment denying the claim of the Bus Company. The jury has found against it under instructions which we think were correct. The evidence supports the verdict in this respect and there is no necessity to retry that phase of the case. The only error was the failure of the court to direct a verdict against Wilson on his counterclaim.

The judgment is reversed with directions that if the evidence is substantially the same on another trial the court will direct the jury to find a verdict against Wilson on his counterclaim.