## KITCHEN'S EX'R et al.
## v.
## PRICHARD.

Court of Appeals of Kentucky.

Nov. 13, 1953.

Thomas D. Theobald, Jr., Grayson, for appellants.

H. R. Wilhoit, Grayson, for appellee.

CAMMACK, Justice.

This is the second appeal in a will contest case. Prichard v. Kitchen, Ky., 242 S.W.2d 988. The appellee, Mrs. May Prichard, was the contestant and the appellants were the contestees.

On the first appeal we said that the trial court properly submitted the case to the jury on the issues of (1) whether the testator had sufficient mental capacity to make a will; and (2) whether he was laboring under an insane delusion in reference to mistreatment at the hands of his son-in-law, Charles Prichard (husband of May Prichard), and the will was induced thereby. We reversed the judgment on a verdict in favor of the contestees because the trial court, after giving substantially correct instructions on the issues, gave also an additional instruction which we construed as a dissertation or argument on the subject of an insane delusion. This we held to be reversible error.

On the second trial the parties introduced substantially the same evidence as was introduced on the first trial and the jury found for the contestant, Mrs. Prichard. On this appeal the appellants, the contestees, contend that (1) the verdict is not sustained by the evidence and is against the weight of the evidence; and (2) it was error to permit Mrs. Prichard to read into the evidence two isolated questions and answers from the deposition of J. B. Kitchen (the testator) taken in another case, and to refuse to permit the contestees to introduce Mr. Kitchen's entire deposition.

■ On the former appeal we held that the case was one for the jury. That opinion is the law of the case. Stockdale v. Eads, 314 Ky. 384, 235 S.W.2d 998.

■ On the trial a witness for Mrs. Prichard read two questions and answers from a deposition of J. B. Kitchen taken in a case in which Mr. Kitchen was litigating title to certain coal rights with some people by the name of Cornett. When the appellees sought to have the whole deposition of Mr. Kitchen read, counsel for Mrs. Prichard objected. After seeing the deposition the trial judge sustained the objection, saying:

"The Court will permit counsel for the contestees to read any portion of Mr. Kitchen's examination in chief or on cross examination that pertains to his feeling and attitude, or activity of Mr. Charles Prichard in connection with this Kitchen v. Cornett."

Counsel for the contestees objected, saying:

"The contestees object to the ruling of the court and avow that if permitted to read the entire deposition of James B. Kitchen in the case of Kitchen v. Cornett that the said deposition would show the reasons and grounds for Mr. Kitchen instituting the action against Cornett and his claim as to the ownership of the minerals thereon."

No objection was made by counsel for the appellants after the two questions and answers were read. However, an objection made by him at the time the witness was asked to read the questions was overruled. Furthermore, no exception was taken by counsel for the appellants.

It may be that the ruling of the trial judge as to the introduction of the remainder of Mr. Kitchen's deposition was correct. This we would assume to be the case, since the appellants did not make Mr. Kitchen's deposition a part of the Bill of Exceptions or a part of the record on this appeal. In any event, we cannot review the question in the absence of Mr. Kitchen's deposition. Grimes v. Thompson, 217 Ky. 389, 289 S.W. 290.

Judgment affirmed.