**STOCKDALE v. EADS et al.**

Court of Appeals of Kentucky.

Dec. 18, 1953.

William G. Reed, Carrollton, for appellant.

R. L. Hardin, Carrollton, Howell W. Vincent, Covington, for appellees.

DUNCAN, Justice.

The present appeal is the third appearance of the same action before this Court. Eads v. Stockdale, 310 Ky. 446, 220 S.W.2d 971; Stockdale v. Eads, 314 Ky. 384, 235 S.W.2d 998. On the first appeal, a judgment for $2,765 in favor of the present appellant, for personal injuries sustained in an automobile accident, was reversed because of misconduct of a juror in falsely answering questions on voir dire examination. On the second appeal, we reversed a judgment for appellees because the court had improperly sustained a motion for a peremptory instruction. The third trial was not completed because of a reference to appellees' insurance coverage as a result of which a mistrial was declared. At the fourth trial,

appellant recovered a judgment for $5,350, which was set aside by the lower court upon appellees' motion and grounds for a new trail. The fifth trial resulted in a verdict for appellant for $2,890.

Appellant excepted to the order of the court in setting aside the judgment rendered on the fourth trial and preserved the question by a bill of exceptions. After the fifth trial, motion was made to substitute the judgment rendered on the fourth trial. The motion was overruled, and the sole question on this appeal is whether or not the court erred in sustaining appellees' motion and grounds for a new trial and setting aside the verdict returned on the fourth trial. We shall omit a discussion of the evidence since it is substantially the same as on the first two trials and is related in some detail in our earlier opinions.

The motion and grounds for a new trial contained eight separate grounds, but the order of the lower court does not indicate the grounds upon which the motion was sustained. At least four of them have been determined adversely to appellees on the preceding appeals, and we shall not discuss them further.

■ Probably the most serious ground is that relating to alleged misconduct of a juror in failing to answer correctly a question on voir dire examination as to whether any member of the jury had been a client of appellant's attorney. George Ogburn, a member of the jury, was a share cropper in partnership with his brother, James Ogburn. Counsel for appellant had, from time to time, prepared partnership income tax returns at the instance of James Ogburn. At no time had the juror ever been in the office of appellant's attorney, and there had never been a direct employment or representation. The partnership return affected the income tax liability of the juror and his individual return was necessarily based upon the division of income which it disclosed. However, we do not regard the relationship between the juror and appellant's attorney as that of attorney and client. It was so casual and indirect that it does not indicate probable bias on the part of the juror. In the recent case of Crutcher v. Hicks, Ky., 257 S.W.2d 539, we modified to some extent the extreme rule announced in Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A. L.R. 917, and held that the mere failure to answer fully or correctly a question on voir dire examination is not prejudicial unless the information withheld or given is of such character as to indicate probable bias.

■ The motion and grounds for a new trial also allege that instructions one to six, inclusive, were erroneous. An examination of the record discloses that appellees did not object to instructions one through five. Although not required to search for errors in these instructions, we have done so and find that they fairly and fully presented the issues to the jury. Instruction number six defined the statutory duty of the appellant with reference to having his vehicle equipped with a rearview mirror and followed the requirements of KRS 189.130.

■ Appellees complained that the damages awarded on the fourth trial were excessive. The medical testimony on behalf of appellant disclosed that he sustained a spinal injury which required the constant use of a brace. The doctor who treated him testified that there was some possibility that the condition might be relieved by an operation but that such an operation was both serious and dangerous and without resorting to that treatment the appellant had a permanent disability of about 75%. The damages were clearly not excessive.

■ Finally, appellees relied upon newly discovered evidence. It is not necessary here to discuss the nature or character of the newly discovered evidence since there is no showing whatever of any diligence on appellees' part in discovering and presenting the evidence at the fourth trial. The so-called new witnesses were all residents of the vicinity in which appellant lived, and no reason is suggested or assigned why their testimony could not have been obtained at the fourth trial.

Although a trial court is vested with a broad discretion in disposing of a motion for a new trial, it is without authority to grant a new trial where the record fails to disclose any sound reason therefor. In the present case, all of the grounds assigned by appellees were without merit, and they have failed to point out any other grounds in the record sufficient to warrant the court's action in sustaining the motion.

For the reason indicated, the judgment is reversed, with direction to enter a judgment for $5,350 in conformity with the verdict of the jury on the fourth trial.