**Coleman SMITH, Sr., Appellant,**

v.

**Jimmie SIZEMORE, Appellee.**

**Coleman SMITH, Sr., et al., Appellants,**

v.

**Homer MORGAN et al., Appellees.**

**Coleman SMITH, Sr., et al., Appellants,**

v.

**Boyd DUNCIL et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1957.

Glenn W. Denham, Smith, Denham & Gillis, Middlesboro, T. T. Burchell, Manchester, for appellants.

John M. Lyttle, Roy W. House, Eugene H. Clark, Manchester, for appellees.

MONTGOMERY, Judge.

A collision occurred between a car and a truck, damaging both and resulting in injuries to the building of Homer Morgan and to the person of Boyd Duncil, an occupant of the building. The car was operated by Jimmie Sizemore. The truck was owned by Coleman Smith, Sr., and was being driven by Coleman Smith, Jr., his son. Smith, Sr. sued Sizemore, who filed a counterclaim. Morgan and Duncil each filed separate actions against Sizemore and both Smiths. In each of the latter two actions, by separate answers, Sizemore and the Smiths each pleaded the negligence of the other as the sole cause of the injuries. No cross claims were filed.

The actions were consolidated for trial. Verdicts were returned against the Smiths in favor of Sizemore for $50, Duncil for $2,041, and Morgan for $582. Judgments were entered accordingly, from which the Smiths have appealed. Sizemore is an appellee in each of the appeals.

It is necessary to consider only the following ground urged for reversal: the evidence shows that the appellant, Smith, Jr., was not negligent in the operation of the truck and the motion for judgment notwithstanding the verdict in each case should have been sustained.

The collision occurred in the daytime, a short distance east of Manchester on a blacktop highway designated as U. S. 421. The highway extends east and west. Only the vehicles involved were traveling the highway near the place of collision. The weather was clear and the road surface was dry.

The 421 Truck Stop was a place of business owned by Morgan, for whom Duncil worked. It was located just south of the highway and near the point of collision. There were gas pumps between the edge of the highway and the concrete block building in which the business was conducted. As the two vehicles approached the place of collision, each was being operated on its proper side of the highway, which was 32 feet in width at and near the collision point. Sizemore's car approached the Truck Stop from the east. Smith's truck approached from the west.

Sizemore said that he intended to stop at the Truck Stop and turned on his blinker signal about 150 to 200 yards away to indicate a left turn. He saw the Smith truck when it was about 100 yards distant. Sizemore said that as he continued toward the Truck Stop and started to make the left turn, the truck appeared to be pulling off the highway "almost stopped". On direct examination, he said the truck was then 20 to 30 yards away, but on cross-examination, he fixed the distance at 40 to 50 yards. He said that his car was traveling about 10 miles per hour as he started to turn left. The speed of the truck had been increased to 20 to 25 miles per hour. As Sizemore pulled his car to the left and across the path of the oncoming truck, the truck was driven to its right. The car almost cleared the highway surface before the front of the truck and the right front fender of the car collided. The truck ran over some gas pumps and into the building, injuring Duncil, who was inside. No other eyewitness testified for Sizemore.

Coleman Smith, Jr., and his sister, Delphia Smith, the other occupant of the truck, testified that the truck proceeded without halt at 30 to 40 miles per hour in its proper traffic lane, meeting the oncoming car. They stated that when the truck was within about 20 to 25 feet of the car, the car was turned suddenly and directly to its left and across the path of the truck. Smith, Jr. said that he had seen the car approaching a little less than 200 yards away. Delphia first noticed the car when it was only 25 feet away.

The evidence was conflicting as to whether Sizemore gave any signal of his intention to turn left. Sizemore was corroborated by Morgan and Duncil in his statement that his left turn blinker light was on, while Smith, Jr. and his sister both stated that no signal was given by Sizemore.

At the close of all the testimony offered, appellants' motion for a directed verdict was overruled. Their subsequent motion for a judgment notwithstanding the verdict was also overruled.

Appellees contend that the truck should have been driven to its left in order to avoid collision with the car and that Smith, Jr. should have had the truck under control so as to avoid a collision with the car since the signal light had given ample and timely warning of Sizemore's intention to turn left. These contentions ignore the duties placed upon Sizemore by KRS 189.380.

The pertinent part of KRS 189.380(1) is:

"No.person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, * * * No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement."

■ This statute placed two duties upon Sizemore. First, he should have ascertained. that his movement could have been made with reasonable safety, and then he should have given the appropriate signal to the driver of the truck and any other traffic on the highway of his intention to change direction. Stockdale v. Eads, 314 Ky. 384, 235 S.W.2d 998; Kentucky Bus Lines v. Wilson, Ky., 258 S.W.2d 486.

■ The operator of a motor vehicle has the right to assume that the road is reasonably safe for ordinary travel and that other operators of motor vehicles will drive in accordance with their duties. Crawford Transport Company v. Wireman, Ky., 280 S.W.2d 163; Manning v. Claxon's Ex'x, Ky., 283 S.W.2d 704. The burden was upon Sizemore to excuse or justify the presence of his car on the wrong side of the road. Hunt v. Whitlock's Adm'r, 259 Ky. 286, 82 S.W.2d 364, and authorities cited therein. The driver desiring to make a change in direction must do so with respect and regard

to the ordinary flow of traffic, with priority being given to the vehicle proceeding in a straight course. It is the duty of the driver desiring to change direction or alter course to do so only when the movement can be made with reasonable safety. The phrase "unless and until" in the statute is a double restriction on the driver. Regardless of whether Sizemore gave the proper signal, it is clear that he failed in the "reasonable safety" duty.

■■ Reasonable control, sharp lookout ahead, and ordinary care instructions defined the duties of the truck driver for the jury. Under the facts of this case, it cannot be said that the failure of Smith, Jr. to turn left instead of right was a failure to exercise. ordinary care. The warning allegedly given by Sizemore did not warrant his making the left turn with impunity and in disregard of other vehicles. Smith, Jr. was justified in thinking that Sizemore would not make the turn unless and until it could be made with reasonable safety. Considering the speed, place of operation on the road, and the lookout kept ahead, Smith, Jr. was not derelict in the performance of his duties. He was free from negligence. It has been clearly and conclusively shown that the injuries suffered by reason of the collision were the direct result of the sole negligence of Sizemore.

The trial court was in error in refusing to sustain the appellants' motions. Louisville Ry. Co. v. Basler, 198 Ky. 500, 248 S.W. 1027; Davis v. Kunkle, 302 Ky. 258, 194 S.W.2d 513; Louisville Transit Co. v. Gipe, Ky., 277 S.W.2d 52. Judgment should be entered in each case in favor of the Smiths on the issue of liability. The amount of damages to Smith, Sr. on his truck should be determined.

The trial court instructed the jury on the sole negligence of Smith, Jr. and of Sizemore and also on the concurring negligence of both. By the verdicts, the jury held Sizemore to be free of negligence. Morgan and Duncil, by lack of cross-appeal, have failed to question the judgment en-

tered in accordance with the verdicts, so we are not at liberty to pass on their respective rights against Sizemore.

Judgment is reversed, with directions to proceed in conformity herewith.