James W. RILEY et al., Appellants,

v.

Maurice THOMAS, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

James F. Clay, Danville, for appellants.

. James G. Sheehan, Jr., Danville, for appellee.

CULLEN, Commissioner.

An automobile driven by Maurice Thomas collided with a Jeep driven by Janus Riley, at a "T" intersection in the city of Danville. Riley was carrying an open can of gasoline on the floor of the Jeep and following the collision the gasoline caught fire, as a result of which Riley's legs were severely burned. Riley sued Thomas for damages for personal injuries, and Riley's employer sought to recover for damage to the Jeep. Thomas counterclaimed for damage to his car.

The jury returned a verdict in favor of the plaintiffs, awarding Riley $6,500 and his employer $50. The defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial. The court entered an order sustaining the motion for a new trial and denying the motion for judgment n. o. v. This order recited that the court was of the opinion that the evidence showed Riley to have been guilty of contributory negligence as a matter of law, and therefore, upon a new trial, if the evidence should be the same, the only jury question would be whether the defendant was guilty of such negligence as to bar recovery upon his counterclaim.

Subsequently, the parties stipulated that the evidence upon a new trial would be the same as upon the first trial, and they agreed to submit the case to the court, without the intervention of a jury, for a new trial on the record of the first trial. The court found against the plaintiffs on their claims, and for the defendant on his counterclaim, and entered judgment for the defendant in the amount of $316, representing the damage to his car.

Riley and his employer moved to set aside the judgment, to reinstate the verdict upon the first trial, and to enter judgment on that verdict. This motion was overruled.

Appealing from the judgment Riley and his employer maintain that the court erred in granting a new trial, and in failing to sustain their motion for judgment upon the original verdict. Their premise is that the evidence created a jury question as to Riley's contributory negligence.

The accident occurred at the point where Dillehay Street, running east, forms a "T" intersection with Fourth Street, which runs north and south. The time was around 10:00 p. m. Riley testified that he was driving south on Fourth Street, and when he reached a point about 25 feet from the intersection he held out his *right* arm, inside the Jeep, to signal his intention to turn to the right (this was because the left window was "wedged" and he "could not get my arm out"); he did not see any car behind him (however, he did not testify that he looked behind him); he started his turn to the right, to enter Dillehay Street, and then saw the lights of the Thomas car, over his right shoulder; the Thomas car struck the Jeep in the right side, behind the front fender, at a point in the center of Dillehay Street, when the front of the Jeep was just entering that street; the impact was not severe, but the Jeep was knocked over to the side of the street against a guy wire for a telephone pole; Riley was not injured by the impact, but the gasoline caught fire and his legs were burned.

■ From the testimony it is obvious that Riley was negligent, because in turning his vehicle to the right he violated two requirements of a highway safety statute, in that (1) he failed to ascertain whether the turn could be made with reasonable safety, and (2) he failed to give a proper signal for a distance of 100 feet before turning. KRS 189.380; Kentucky Bus Lines v. Wilson, Ky., 258 S.W.2d 486.

■ It also is obvious that Riley's negligence was a contributing factor in causing the collision, because the accident that occurred was exactly the kind of accident that the statute violated by him was intended to prevent. See Saddler v. Parham, Ky., 249 S.W.2d 945.

■ There is nothing in the evidence to furnish a basis for relieving Riley of the effects of his negligence. There is no showing of excessive speed on the part of Thomas, or that Thomas had any opportunity to avoid the accident after Riley placed himself in peril. The abortive arm signal given by Riley, only 25 feet before he turned, could not be considered to have been sufficient to give Thomas a clear chance to avoid the collision.

■ Riley argues that Thomas failed to keep a proper lookout, or was following the Jeep too closely, or was attempting to pass the Jeep on the right, in the intersection. There actually is no evidence to support these charges, but conceding them, they would not furnish a basis for relieving Riley of his contributory negligence, because a mere failure of lookout does not warrant application of the last clear chance doctrine, and if Thomas was following too closely or was attempting to pass, he couldn't have had a last clear chance.

■ On Riley's version of the accident, the court was warranted in finding that he was guilty of contributory negligence as a matter of law, so as to bar recovery.

■ Thomas gave a different version of the accident. He said that Riley was not going south, ahead of the Thomas car, but was going north, and turned to his left, without any signal, directly in front of the Thomas car. Under this version, Riley's contributory negligence is even more obvious.

■■ Since the evidence upon the first trial did not support the verdict for the plaintiffs, the court was warranted in

granting a new trial. Upon the second trial, heard by the court without a jury upon the record of the first trial, the court was justified under the conflicting evidence in finding that the defendant was guilty of no negligence, so as to entitle him to recover on his counterclaim.

The judgment is affirmed.