BAUGHMAN, A MINOR, ETC. *v.* WELBORN, d.b.a. AMERICAN BUTANE SERVICE et al.

No. 41947          October 16, 1961          133 So. 2d 541

*Lawrence D. Arrington, James Finch,* Hattiesburg; *William E. Andrews,* Purvis, for appellant.

*Melvin, Melvin & Melvin,* Laurel, for appellees.

JONES, J.

Carl Baughman was killed December 17, 1959, about nine o'clock A.M., on U. S. Highway 11, at the north edge but within the corporate limits of Lumberton, Mississippi. This suit seeks to recover damages for his alleged wrongful death. The defendant, Charles Bremerman, as the employee and agent of the defendant Welborn, was driving a butane gas truck north. The decedent was traveling south in a Chevrolet automobile.

At the point of the accident, the road runs approximately north and south and at this point is about level. South of the point of the accident is an incline upward. On the east side of the highway at the site of the accident there is a garage.

The testimony all showed without doubt or conflict that the collision occurred near said garage and entirely in the east lane of said road, being the lane which was rightfully occupied by the defendant's truck.

No eye witness testified as to what occurred immediately prior or at the time of the accident. Plaintiff introduced only two witnesses showing any facts relative to the actual happening of said accident. One testified that he was driving his automobile south; that he was ahead of the decedent's car, and as he was going up the hill south of the scene of the accident he passed the defendant's truck going north. He estimated the speed of the truck at about 40 or 45 miles per hour. A very short time after he passed the truck (he estimated about two seconds) he heard a noise, and by looking in his rear view mirror he saw the decedent's car in the east lane of traffic and it looked like it was "exploding, or like a couple of hand grenades had hit it." The evidence showed that the truck hit the Chevrolet car on the right side. The decedent was knocked some distance from the point of impact and the truck went on past and off of the highway on the east side.

Another witness stated that he was in a cafe some distance south of the garage and place of the accident; that he was talking over the telephone, which telephone was on the south wall of the cafe building; that the cafe was on the east side of the highway; that he saw the gas truck through the plate glass window in the front of the cafe as the truck passed going down hill. He said he estimated the speed at about the same as the other witness, and also said that the truck looked as if it were wobbling, or partially out of control. The truck passed from his view before the accident occurred. No one testified as to why the decedent's car was in the east lane. There was no testimony as to when he turned into the east lane. There was no testimony as to how far the truck was from him when the car turned into the east lane. The testimony was conclusive that the truck at the time of the accident was in its proper lane of traffic. Plaintiff introduced an ordinance of the City of Lumberton attempting to fix the speed of automobiles or trucks within the corporate limits at 30 miles per hour, but this ordinance was excluded in the lower court because there had been no signs posted showing such speed limit.

At the conclusion of the plaintiff's testimony, defendant made a motion to exclude and to peremptorily instruct the jury to return a verdict for the defendant. The learned judge of the lower court sustained said motion on the ground plaintiff had failed to show that any negligence on the part of the defendant was a proximate or contributing cause of the death of decedent. We have given this case very careful study and have been forced to the conclusion that the lower court was correct in sustaining said motion. Cf. Davis v. Kunkle, 302 Ky. 258, 194 S. W. 2d 513; Whatley v. Boolas, 180 Miss. 372, 177 So. 1.

Affirmed.

*Lee, P.J.,* and *Gillespie, McElroy* and *Rodgers, JJ.,* concur.